**In the Matter of Ruth Freilich LAUFER, also known as Ruth F. Laufer and also known as Ruth Freilich, doing business under the trade name of Midtown Shopping Service, Debtor-Appellee.**

**General Electric Company, Appellant.**

**No. 256, Docket 23928.**

United States Court of Appeals Second Circuit.

Argued Feb. 7, 1956.

Decided March 14, 1956.

White & Case, New York City (Robert F. Little, New York City, of counsel), for appellant.

David N. Goldman, New York City, for debtor-appellee.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

In an arrangement proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., an order was made on July 20, 1955, restraining all persons from commencing or continuing any actions, suits or proceedings against the debtor, Ruth Freilich Laufer, doing business under the trade name of Midtown Shopping Service. Shortly before the filing of the petition for arrangement, General Electric Company, petitioner herein, had instituted an action against Ruth Freilich Laufer in the Supreme Court of the State of New York for an injunction against price-cutting in violation of the fair trade provisions of New York General Business Law, McK.Consol.Laws, c. 20, § 369–a et seq. The Referee in Bankruptcy refused to

modify the restraining order of July 20, 1955, holding that it was sufficient to permit the commencement of a new action by petitioner against "the debtor in possession." This appeal by petitioner is taken from the order of Judge Herlands affirming the order of the Referee.

In the meantime, petitioner brought a new action against the "debtor in possession" and an injunction issued on January 26, 1956, restraining further price-cutting in violation of the statute.

■ *In limine* the contention is advanced on behalf of petitioner that there was no power to stay the prosecution of the original injunction proceeding under 11 U.S.C.A. § 714, because petitioner is not a creditor. But there is no merit in this point, as the wording of the general provision contained in 11 U.S.C.A. § 29, applicable to ordinary bankruptcies, provides for a stay only when the suit sought to be stayed is founded upon a claim from which a discharge in bankruptcy would be a release, whereas § 714, applicable to Chapter XI proceedings, contains no such limitation. Accordingly, the District Court properly held that the Referee had power to issue the restraining order despite the fact that petitioner, whose suit was stayed, was not a creditor.

■ The exercise of this power is, as the District Court recognized, a matter of sound discretion and must be sustained by this court unless the Referee abused his discretion in refusing to permit petitioner to continue its original injunction action against the debtor. Foust v. Munson S.S. Lines, 299 U.S. 77, 83, 57 S.Ct. 90, 81 L.Ed. 49. If, as seems to have been the case, the Referee's decision was based upon a rule of thumb to the effect that in Chapter XI proceedings, a restraining order will be continued as of course so long as proceedings against the "debtor in possession" are allowed, then he clearly erred. But in any event, the facts here would not support a finding that granting petitioner such permission would have imposed any undue disadvantage on the debtor or have hindered, burdened or been otherwise inconsistent with the arrangement proceeding. Foust v. Munson S.S. Lines, supra; In re Adolf Gobel, Inc., 2 Cir., 89 F.2d 171.

The only disadvantage even suggested by the debtor is that the harassment, annoyance, and embarrassment of having to defend against the suit would interfere with her concentration on matters affecting the arrangement proceeding. This argument would, however, preclude all suits against the debtor during the pendency of the Chapter XI proceeding. Moreover, this very consideration was properly brushed aside by the Referee when he permitted petitioner to proceed against the "debtor in possession."

The disadvantage to the petitioner is, however, obvious. Its present injunction against price-cutting is effective only so long as the respondent remains "debtor in possession," i. e., as long as the Chapter XI proceedings are pending. Once those are terminated, the original action may be continued. But during the time that must inevitably elapse before it can secure another injunction, petitioner will be powerless to prevent the debtor from selling at less than fair trade prices.

■ That this fear may prove unfounded or that the disadvantage to the petitioner may not be very great does not disentitle it to have the injunction modified. Nor does its right turn on whether or not its suit in the state court is likely to succeed. Rather the question below should have been whether the state court proceeding would embarrass or delay the administration of the estate of the debtor; and since there was no showing whatever of any likelihood of such embarrassment or delay, the petitioner's motion to modify should have been granted.

Reversed.