In the Matter of Coyle John TRACY, Debtor.

No. 23194.

United States District Court
N. D. California, N. D.
April 11, 1961.

Milton Maxwell Newmark, San Francisco, Cal., for Crane Co.

McVay, Stone & Reid, Modesto, Cal., for debtor.

HALBERT, District Judge.

This is a Chapter XI arrangement proceeding. Debtor is a wholesaler of plumbing supplies. He petitioned for an arrangement under which he proposed to pay all priority debts upon the order confirming the arrangement; to pay all debts incurred in the operation of his business within 30 days of incurring them; and to pay all other unsecured debts in two installments, one 90 days after a final order of confirmation of the arrangement, and a second 180 days

after such confirmation. The proceeding was referred to Referee Evan J. Hughes, who confirmed the arrangement by an order entered December 9, 1960.

Debtor owns a residence and his place of business. Each is encumbered by a first deed of trust, and by a second deed of trust. The second deed of trust secures one debt, owed to the petitioner herein, Crane Co. Debtor failed to make his periodic payments on this debt, and Crane Co. advertised his residence and place of business for sale. This circumstance precipitated the arrangement proceeding.

Debtor filed a petition for stay of the proceedings to sell the business property and residence under the deed of trust. After notice and a hearing, the Referee concluded that there was a substantial equity in the property concerned, after allowance for the amount of the indebtedness secured by the deeds of trust; that the consummation of the foreclosure sale would endanger the success of the arrangement, which otherwise might be satisfactorily carried through; and that the Debtor's equity in the residence and place of business, if it could be realized upon, would be sufficient to pay all of his debts, secured and unsecured. The Referee thereupon restrained the sale of the property in question under the deed of trust. Crane Co. then filed a petition for review of this order with this Court, timely and in proper form.

A Chapter XI proceeding may arrange only the rights of unsecured creditors, without alteration of the rights of secured creditors (Bankruptcy Act, § 306(1), Title 11 U.S.C.A. § 706(1); and Securities and Exchange Comm. v. United States Realty Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293). Nevertheless, the Court may, upon notice and for cause shown, stay or enjoin any act to enforce a lien upon the property of a debtor (Bankruptcy Act, § 314, Title 11 U.S.C.A. § 714). The exercise of this power lies within the discretion of the Referee, and his decision to exercise such power must be sustained unless he has abused that discretion (In re Laufer, 2 Cir., 230 F.2d 866). The exercise of such discretion is, however, subject to equitable consideration, and care should be taken to insure that the stay will cause no substantial injury to the lienor (See Collier on Bankruptcy, 14th ed., Vol. 8, at p. 189; and Chaffee County Fluorspar Corp. v. Athan, 10 Cir., 169 F.2d 448).

A bankruptcy court is a court of equity, which may in its discretion deny relief which is within its powers, or make a grant of relief upon some condition dictated by equitable principles. It may, under certain circumstances, be an abuse of discretion for a bankruptcy court to grant relief which is within its power (Securities and Exchange Comm. v. U. S. Realty Co., supra).

This proceeding is strictly an arrangement of Debtor's difficulties with his unsecured creditors. Its objective is to pay his unsecured creditors in an orderly and expeditious manner, and to keep him, if possible, from being put out of business by his unsecured creditors. This is not a proceeding to rearrange priorities between his secured and unsecured creditors or to handle his difficulties with *secured* creditors. The Court has the power to restrain sale of the property in question under the deeds of trust, only if necessary to facilitate the primary purpose of this proceeding, and if it does not cause substantial injury to the lienor (See Chaffee County Fluorspar Corp. v. Athan, supra).

It seems possible, from all the facts now before this Court, that Debtor's current accounts receivable are more than ample to pay his unsecured creditors, and that all that is necessary by way of an arrangement between Debtor and his unsecured creditors is that he be given time to collect those accounts receivable. If this is so, it well may be an abuse of discretion to restrain the sale of the residence and place of business under these Chapter XI proceedings, for that sale would be of no importance to the unsecured creditors, and would be a matter strictly between Debtor and Crane Co.

If there is to be an arrangement for the primary purpose of altering the rights of creditors holding debts secured by real property, it must be under the provisions of Chapter XII of the Bankruptcy Act, and may not be confirmed without acceptance under those provisions (Title 11 U.S.C.A. §§ 806(1), 866–872).

■ It is, of course, true that the accounts receivable may prove to be uncollectible. In that event, the sale of Debtor's place of business before he can dispose of his stock in trade may disrupt the Chapter XI proceeding. It is obvious that under such conditions the order restraining the sale of the place of business would be a legitimate exercise of the Referee's discretion. The Referee has found, upon the basis of substantial evidence, that there is such a large equity in the real property in question, after allowing for the deeds of trust, that the restraining order will not affect the substantial rights of the Crane Co. That finding cannot be said to be clearly erroneous, and is therefore sustained (General Orders in Bankruptcy, Order 47; Lines v. Falstaff Brewing Co., 9 Cir., 233 F.2d 927).

Debtor's residence is in Twain Harte, California, and his place of business is in Jamestown, California. These towns are separated by the town of Sonora and by some fourteen miles of mountain road. It is difficult for the Court to appreciate how a residence in Twain Harte can be of such essential necessity to the transaction of business in Jamestown as to justify the restraining order. If the purpose of the order was to give Debtor time to sell the residence and pay both his secured and unsecured creditors, then it would seem to alter the relative rights and positions of secured and unsecured creditors, and in such case it would be outside of the proper scope of a Chapter XI proceeding.

■ The annoyance to Debtor of losing his residence is not, in and of itself, a sufficient disadvantage to the consummation of the arrangement as to warrant the restraining order (See In re Laufer, supra). On the basis of the record now before the Court, it would not appear to be legally objectionable to permit the sale of the residence under the deed of trust, even if the sale of the business property may have to be restrained to prevent disruption of the arrangement. The sale of separate parcels of property under a deed of trust is in accord with the policy of the California law (See Calif.Code Civ.Proc. § 694). If the sale of the residence does not bring enough to discharge Debtor's obligation to Crane Co., the additional security of the business property will still be available to Crane Co. See Hatch v. Security-First Nat. Bank, 19 Cal.2d 254, 120 P.2d 869. The Court is of the view that the Referee should reconsider his order restraining the sale of the residence of Debtor in the light of what is said here.

■ Insofar as the business property is concerned, the record now before the Court does not contain findings of fact sufficient to enable the Court to determine whether the Referee's discretion was abused. Under such circumstances, the proper course for this Court to follow is to remand the case for a further finding of the facts relating to this issue (Huffman v. United States, 9 Cir., 242 F.2d 835; and In re Crockett, D.C., 150 F.Supp. 352). On a remand of the case, the Referee should consider the possibility of granting a restraining order upon the condition that Debtor make some periodic payments to Crane Co. during the life of the restraining order.

It Is, Therefore, Ordered that this case be, and it is, hereby remanded to the Referee with directions to reconsider this matter in the light of such further facts as may be developed at an appropriate hearing, and in the light of what is set forth in this memorandum and order.