**UNITED STATES of America,**
**Appellant,**

v.

**NATIONAL FURNITURE COMPANY,**
**Inc., Appellee.**

No. 17743.

United States Court of Appeals
Eighth Circuit.

July 23, 1965.

—◆—

Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., made argument for appellant and filed brief with John W. Douglas, Asst. Atty. Gen., and Samuel J. Heyman, Atty., Dept. of Justice, Washington, D. C., and also Charles M. Conway, U. S. Atty., Fort Smith, Ark.

Charles R. Garner, Fort Smith, Ark., entered appearance for appellee but no argument was made.

Before VAN OOSTERHOUT, BLACKMUN, and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

This case presents the questions of (1) the entitlement of the United States to a priority claim on behalf of the Small Business Administration (hereafter called "SBA") for a loan it made to the debtor, National Furniture Company, Inc. (hereafter called "National") which seeks an "arrangement" of its unsecured debts under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. §§ 701–799; and (2) the entitlement of the United States to participate in a Chapter XI proceeding as an unsecured creditor to the extent that the debt owing it exceeds the value of its security.

The referee in bankruptcy below found as fact that at the time of the arrangement hearing, National had assets totalling $38,650.00 against liabilities amounting to $52,932.94; that a majority (23) of National's unsecured creditors had filed claims and voted unanimously in favor of National's petition for arrangement of these debts; and that the SBA had a fully secured lien on all the assets of National for the outstanding balance of a $25,000.00 promissory note which amounted to $18,810.39, plus interest. He conceded that SBA is a governmental agency qualifying for a priority status under § 64 of the Act, 11 U.S.C.A. § 104.[1]

However, the referee concluded that because the outstanding balance of the SBA loan was in his opinion fully secured by National's assets, notwithstanding three additional individual guaranties for the debt, the SBA was thereby prevented from participating in a Chapter XI proceeding which is available only to unsecured creditors.[2]

In confirming the arrangement, the referee under § 337(2) of the Act, 11 U.S.C.A. § 737, allowed a priority only for those debts covering his salary and expense, the salary of the appointed receiver or distributing agent, and state and federal taxes.

Upon review of the referee's order, the District Court in its reported decision (230 F.Supp. 130 (W.D.Ark.1964)) adopted his findings of fact and conclusions of law in toto. In addition to af-

1. See Small Business Adm'n. v. McClellan, 364 U.S. 446 footnote 5 at 447, 81 S.Ct. 191, at 193, 5 L.Ed.2d 200 (1960):
 "R.S. § 3466, 31 U.S.C. § 191 [31 U.S.C.A. § 191], establishes a general priority for debts due to the United States. Section 64 of the Bankruptcy Act, as amended, 11 U.S.C. § 104 [11 U.S.C.A. § 104], provides that in bankruptcy cases the priority so established should come fifth in the order of preferred creditors."

2. He rested his conclusion primarily on § 307, 11 U.S.C.A. § 707 which provides in part:
 "Unless inconsistent with the context and for the purposes of an arrangement providing for an extension of time for payment of debts in full and applicable exclusively to the debts to be extended—
 "(1) 'creditors' shall include the holders of all *unsecured debts*, demands, or claims of whatever character against a debtor, whether or not provable as debts under section 103 of this title and whether liquidated or unliquidated, fixed or contingent; and
 "(2) 'debts' or 'claims' shall include all *unsecured debts*, demands, or claims of whatever character against a debtor, whether or not provable as debts under section 103 of this title and whether liquidated or unliquidated, fixed or contingent." (Emphasis supplied)

firming the finding that SBA as a secured creditor was precluded from attacking a Chapter XI arrangement, the District Court noted that since the debtor had not been adjudicated a bankrupt nor had it been alleged that the debtor had committed an act of bankruptcy, SBA could not assert a claim under 31 U.S.C.A. § 191.[3]

■ By definition an " 'arrangement' shall mean any plan of a debtor for the settlement, satisfaction, or extension of the time of payment of his unsecured debts, upon any terms." 11 U.S.C.A. § 706(1). Thus, the referee and District Court quite correctly found that a Chapter XI proceeding pertains exclusively to the arrangement of the unsecured claims of common creditors. SEC v. American Trailer Rentals Co., 379 U.S. 594, 605, 85 S.Ct. 513, 13 L.Ed.2d 510 (1965); SEC v. United States Realty & Improvement Co., 310 U.S. 434, 452, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940); Hallenbeck v. Penn. Mut. Life Ins. Co., 323 F.2d 566, 571 (4th Cir. 1963); Chaffee County Fluorspar Corp. v. Athan, 169 F.2d 448 (10th Cir. 1948); In re Tracy, 194 F.Supp. 293 (N.D.Calif. 1961); In re Herold Radio & Electronics Corp., 191 F.Supp. 780 (S.D.N.Y. 1961); 8 Collier, Bankruptcy ¶2.07 [3] (14th Ed. 1964).

■ However, the District Court's adoption of the finding of fact by the referee that SBA was a fully secured creditor lacks substantial evidentiary support and should have been set aside as clearly erroneous. Fed.R.Civ.P. 52(a) and Orders 37, 47, General Orders in Bankruptcy, 11 U.S.C.A. foll. § 53. The only evidence in the record bearing on this issue is the security agreement which National executed with the SBA in order to procure the $25,000.00 loan. This in-

strument provided that "Debtor hereby grants to Secured Party [SBA] a security interest in all machinery, equipment, furniture and fixtures now owned and hereafter acquired by Debtor for use in Debtor's business." This collateral consisted of two trucks and various pieces of business equipment valued by the referee in the inventory of assets at $2,500.00. The security instrument did not purport to give SBA a lien on National's inventory of merchandise or accounts receivable which together totalled $36,000.00 and represented practically all of its assets. Thus, from a mathematical standpoint, based on the record evidence, the referee's finding that "there is approximately $38,000.00 worth of collateral against the SBA loan of $18,810.39" is clearly in error.

And there is respectable authority for the proposition that when there is an excess of indebtedness over the security, the creditor to that extent must be deemed unsecured and capable of participating in a Chapter XI proceeding. In re Everick Art Corp., 39 F.2d 765 (2nd Cir. 1930), involved the analogous common law procedure which permitted an insolvent debtor to make an offer of "composition" or settlement with his creditors. (See SEC v. American Trailer Rentals Co., supra, 379 U.S. at 605, 85 S.Ct. 513). There the court held that a bankrupt must be deemed to include a secured creditor in his offer of composition with unsecured creditors to the extent that his schedule of indebtedness indicated that the debt exceeded the value of the security. Relying on Everick, the District Court in Wm. H. Wise & Co. v. Rand McNally & Co., 195 F. Supp. 621 (S.D.N.Y.1961), held that a publisher who held copies of a book as security for a customer's debt could par-

---

3. Section 191 states:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed. R.S. § 3466."

ticipate in a Chapter XI arrangement to the extent that the unpaid portion of the debt exceeded the value of the security. Accord: 9 Collier, Bankruptcy ¶7.05[4].

■■ The giving of personal guaranties by three individuals as consideration for the loan to the corporate debtor did not overcome the lack of security for the entire debt. A creditor is not secured under the bankruptcy laws unless he has security which consists of property of the bankrupt. In re United Cigar Stores Co., 73 F.2d 296, 298 (2nd Cir. 1934). A person making himself secondarily liable for the bankrupt's debt must himself have a security interest on the bankrupt's assets for his accommodation to constitute security in the hands of the creditor. 11 U.S.C.A. § 1(23); 1 Collier, Bankruptcy ¶1.28. The record of evidence does not show this to be the case here.

■ While it was error for the District Court not to permit SBA to participate in the arrangement proceeding for that amount of its loan which exceeded the value of the security, this is not to say that SBA is entitled to a preferred standing over the other unsecured creditors. The right to a priority in a Chapter XI proceeding is controlled exclusively by § 64 of the Act. See 11 U.S.C.A. § 702; In re Chicago Express, Inc., 332 F.2d 276, 278 (2nd Cir. 1964), cert. denied, 379 U.S. 879, 85 S.Ct. 146, 13 L.Ed.2d 86 (1964); American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S. A., 280 F.2d 119 (2nd Cir. 1960).

Section 64a(5), 11 U.S.C.A. § 104, provides that "debts owing to any person, including the United States, who by the laws of the United States in [sic— 'is'] entitled to priority." SBA argues that the nature of the debt owed here is given priority under the laws of the United States by virtue of 31 U.S.C.A. § 191, the general priority statute. But under the terms of that statute, a priority is established in favor of the Government as a creditor when, *inter alia*,

an insolvent debtor makes a voluntary assignment of the debt or commits an act of bankruptcy. See footnote 3, supra.

SBA submits that National's petition for a Chapter XI arrangement and acquiescence in the appointment of a receiver satisfied both of the above-mentioned requisites of § 191. It mistakenly relies on authorities dealing with equity receivership proceedings in which the assignee, trustee or receiver was administering all of the property of the insolvent debtor in liquidation of its assets for the benefit of creditors. See People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348 (1946); United States v. Emory, 314 U. S. 423, 62 S.Ct. 317, 86 L.Ed. 315 (1941); People of State of New York v. Maclay, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754 (1933); United States v. Butterworth-Judson Corp., 269 U.S. 504, 46 S.Ct. 179, 70 L.Ed. 380 (1926); Bramwell v. United States Fidelity & Guaranty Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368 (1926). Of course, court appointment of the official to conserve and manage all the debtor's property under such circumstances would constitute an "act of bankruptcy." And the transactions of the debtor in some instances might also be tantamount to a "voluntary assignment" within the meaning of § 191 so as to entitle the Government to a priority for its claim.

■ But as pointed out by Mr. Justice Goldberg in SEC v. American Trailer Rentals Co., supra, 379 U.S. at 606, 85 S.Ct. 513, the nature of a Chapter XI proceeding permits the debtor to remain in possession of his property and operate his business under court supervision. The appointment of a receiver is not required, except when deemed necessary. 11 U.S.C.A. § 732. The duties of a receiver in an arrangement proceeding are limited. He is primarily a distributing agent for the stipulated amount which the debtor and the unsecured creditors have agreed will be paid into the court during a fixed period in satisfaction of their claims. It cannot be gainsaid that

a receiver in a Chapter XI proceeding is not the equivalent of a receiver with plenary power over the debtor's estate in the equity sense. Therefore, appointment of a receiver under Chapter XI to represent the interests of unsecured creditors only with respect to a designated fund should not constitute an act of bankruptcy. 1 Collier, Bankruptcy ¶3.502; cf. United States v. Schroeder, 204 F.Supp. 199 (S.D.Iowa 1962). We believe the District Court was correct in its conclusion that National did not commit an act of bankruptcy so as to invoke any preferred treatment of SBA's claim under § 191.

However, the failure to allow SBA's participation on a parity with the other unsecured creditors to the extent that the loan exceeded the value of the security necessitates that the cause be reversed and remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.