## In re ATLANTIC STEEL PRODUCTS CORPORATION.

No. 37159.

District Court, E. D. New York.

Dec. 20, 1939.

Eppstein & Hirshfield, of New York City (Ira W. Hirshfield, and William Orris, both of New York City, of counsel), for petitioner for the motion.

Samuel Herbsman of New York City, for debtor, opposed.

Henry Schantz, of New York City, for Creditor's Committee, opposed.

CAMPBELL, District Judge.

This is a hearing upon a petition for review by Shaw Factors Corporation, of the order of the Referee, dated November 6, 1939.

On June 7, 1939, the Debtor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, as amended, 11 U.S.C.A. § 701 et seq.

In its amended plan of arrangement the Debtor proposed to pay its unsecured creditors in full, over a period in excess of two years.

The plan was accepted by the required number of creditors, and its confirmation was adjourned to December 19, 1939, with the consent of the creditor's committee, in order to give the Debtor a reasonable opportunity to make the necessary deposit.

On February 11, 1939, the Debtor, to secure a loan to it of $9,000, executed and delivered to Shaw Factors Corporation, the petitioner herein, a chattel mortgage on its plant and equipment, for the sum of $10,000.

The mortgage provided by its terms that the Debtor was to pay the sum of $500 in reduction thereof on March 11, 1939; a further sum of $500 on April 11, 1939; and $900 a month for ten consecutive months thereafter.

At the time of the filing of the petition, the Debtor had made payments of three installments, totalling $1,900. The fourth installment became due on June 11, 1939, four days after the filing of the petition. No other payments have since been made.

The mortgage contained a clause that if it became necessary for the mortgagee to take steps to effect collection of the sums due it under the terms of the chattel mortgage, that it was entitled to add to the amount then due, the sum of 15% thereof, for counsel fees.

The petitioner filed a claim herein, seeking to recover the balance of $8,100 of principal due it, under the terms of the Mortgage, legal fees of $1,215 and $1.35 protest fees, making a total of $9,316.35.

The $1,215, demanded by the petitioner, seems to be based upon the fact that it made the motion in this proceeding for leave to foreclose its chattel mortgage.

Subsequently, while the motion was pending, the Debtor and petitioner entered into the stipulation Exhibit A, annexed to the petition, in which the Debtor agreed that there was due to the petitioner, the sum of $9,693.12 instead of $8,100 actually due.

The petitioner agreed that for a further payment to it of $1,308.41 it would extend the agreed balance of $9,693.12 for a further period, of approximately two years, if the Debtor made twenty-two monthly installment payments of said agreed balance, with interest, at the rate of 6% per annum.

This was objected to, before the Referee, as unconscionable and usurious.

The Referee thereafter denied the application of the petitioner, for leave to foreclose, without prejudice to the renewal thereof within 60 days after October 17, 1939, on condition that the Debtor pay accrued interest, and interest monthly thereafter, on the 11th day of each month, and such sums on account of principal, as the Debtor would have available, after paying for its current operating expenses.

Petitioner contends that the action of the Referee, in his denial of leave to the petitioner to foreclose, without prejudice to a renewal thereof within 60 days after October 17, 1939, was an unwarranted and unreasonable intrusion upon the rights of the petitioner, who equally was a Creditor and entitled to the protection of this Court.

410

Section 314 of the Bankruptcy Act, 11 U.S.C.A. § 714, reads as follows: "The court may, in addition to the relief provided by section II [29 of this title] and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens * * * and, * * * upon notice and for cause shown, * * * of any proceeding to enforce any lien upon the property of a debtor."

By the terms of the Act, the Court had power to stay the commencement or continuation of any proceeding to enforce any lien upon the property of the Debtor, until the question of discharge is determined.

By Sections 302, 341 and 352, of the Bankruptcy Act, Section 11 of that Act is made applicable to proceedings instituted under Chapter 11 of that Act.

All of the circumstances in this case are such that the Referee was right in refusing to allow the petitioner to foreclose, and to refuse to approve the making of a new Mortgage under the conditions which would, in effect at least, have compelled, what I consider to be an unreasonable amount, for the making of such loan.

A suit for the foreclosure of a chattel mortgage may be restrained even though begun before the petition in bankruptcy was actually filed. Bank of Dillon v. Murchison, 8 Cir., 213 F. 147.

While in a reorganization proceeding a conditional vendor may not be restrained, the foreclosure of a chattel mortgage may be restrained. In re Lake's Laundry, Inc., 2 Cir., 79 F.2d 326, 102 A.L.R. 247.

Furthermore, if the mortgagee were allowed to foreclose, the whole arrangement proposed under Chapter 11 would be defeated and the confirmation of the plan would be rendered impossible, therefore, the stay until the final decree in the arrangement proceedings, was proper. Wright v. Union Central Life Insurance Company, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490; Continental Illinois National Bank & Trust Company v. Chicago, Rock Island, & Pacific Ry. Co., 294 U.S. 648, 680, 55 S.Ct. 595, 79 L.Ed. 1110; Wright v. Vinton Branch of the Mountain Trust Bank of Roanoke, 300 U.S. 440, 470, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

It is true, of course, as contended on behalf of the petitioner, "It is the duty of the court to afford protection to all persons who properly come within the purpose of the provisions of section 74 [11 U.S.C.A. § 202], and it is equally the duty of the court to see that the law is not abused in practice." In re Cosgrave, D.C., 10 F.Supp. 672, 673.

Clearly, in the case at bar, the equities favor the Debtor, because the value of the property is much greater than the amount of the chattel mortgage, therefore, the petitioner was not injured by the stay, whereas, had the Referee granted the petitioner's motion for leave to foreclose, it would have rendered impossible the carrying out of the plan by the addition to the sum actually loaned, of more than a third thereof, whether such addition be for what may be called expenses or bonus.

The petition to review is denied, and the order of the Referee, which it is sought to review herein, is confirmed.