**In the Matter of John L. GARRETT, Debtor.**

No. 7288.

United States District Court
N. D. Alabama, E. D.
March 30, 1962.

J. J. Cockrell, Birmingham, Ala., for John L. Garrett, debtor.

R. A. Norred, Birmingham, Ala., for Mid-State Homes, Inc., creditor.

ALLGOOD, District Judge.

This case has been submitted to the court for decision upon the Petition for Review of an order made by the Referee in this case. The debtor filed his original petition under the provisions of Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. § 1001 et seq. and scheduled as one of his creditors the petitioner for review, Mid-State Homes, Inc. He also scheduled as an asset a house and lot, subject to a mortgage owned by Mid-State Homes. Prior to the initial meeting of creditors in the case, upon application by the debtor's attorney, upon notice that Mid-State Homes was about to proceed with the foreclosure of its mortgage, the Referee entered an order enjoining and prohibiting Mid-State Homes, Inc., from proceeding with its foreclosure and sale under the terms of said mortgage, subject to further orders of the court. At the initial meeting of creditors a Wage Earner's Plan was presented and confirmed by order of the Referee, one of the provisions of which was as follows:

"Mid State Homes be, and hereby is, given a preferred status and

is to receive from the proceeds paid in, after the costs and expenses have been deducted, the equivalent of $60.20 each month until the balance due them has been paid in full."

The injunction from proceeding with the foreclosure was left in force and effect. The payment of $60.20 referred to in the confirmation is the full regular monthly payment provided by the mortgage note due from debtor to Mid-State Homes, Inc. Thereafter Mid-State Homes, Inc., filed a Proof of Claim in the proceedings in which one provision was that "the undersigned claimant hereby dissents from the extension proposal of the said debtor". At the same time, the said claimant filed the present Petition for Review. This Petition for Review alleges that the mortgage debt was in default and alleges that the confirmation order was in error in that:

"1: That Your Honor was without jurisdiction to entertain and consider a proposal filed under Chapter 13 of the Act for an arrangement modifying or altering the rights of creditors who hold debts secured by real property, and,

"2: Petitioner, an adverse interest of record, did in fact oppose the debtor's proposal, and

"3: Said proposal or arrangement was confirmed without the acceptance of any creditors in petitioner's class, i. e., creditors holding debts secured by real property, as required by Section 468 of the Act."

■ The Referee has certified this Petition for Review to this court, including in the Certificate of Review a finding of fact that the debtor owns an equity of redemption in the real estate subject to the mortgage of the petitioner for review of substantial value above and beyond the balance due upon the mortgage debt. Further, the debtor had tendered to the petitioning creditor the full sum of all arrearage payments in cash at the time of the confirmation of the plan. The debtor has continued to make full payments required by his proposal

to the Trustee in this case and these sums are in his hands available to the mortgagee.

The reference by the petitioner for review to § 468 of the Bankruptcy Act is irrelevant, inasmuch as §. 468 of the Bankruptcy Act is a part of Chapter ⊥II of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq., and § 401 of the Bankruptcy Act, which is the first section of Chapter XII, provides that the provisions of Chapter XII of the Act shall apply exclusively to proceedings under Chapter XII. Inasmuch as the present case is a proceeding under Chapter XIII of the Act, § 468 can have no application to this case.

■ The more basic question is a question of jurisdiction over a dissenting creditor who holds a debt secured by real property, raised generally by the other two grounds of objection stated by the Petition for Review.

It is true that, for the purposes of Chapter XIII, § 606 defines the phrase "claims" to exclude claims secured by estates in real property. And the phrase "creditor" is defined to mean the holder of a claim. It is, therefore, clear that in the absence of consent, Mid-State Homes, Inc., being a creditor whose claim is secured by an estate in real property, is not a creditor or claimant for the purposes of Chapter XIII. It would seem to be the clear intent of the statute to allow a creditor fully secured by real estate to be excluded from a Wage Earner's Plan under Chapter XIII. The logic behind this statutory provision and this interpretation of the statute is that usually debts secured by real estate are financed on such terms and with such payments as not conveniently to be made a part of the normal Wage Earner's Plan to pay other kinds of indebtedness. Normally, the payments will either be so small as to not permit any reduction in payments or will be so well secured that in case of difficulty the debtor is able to refinance the debt by a mortgage with a longer period of payment than a normal Wage Earner's Plan would contemplate.

Certainly it is not the purpose of Chapter XIII, in excluding from a Wage

Earner's Plan a creditor secured by real property, to permit such a creditor any special advantage over other creditors, except to the extent of his valid security. Such a creditor has no reason to expect an opportunity to obtain for itself an asset of value greater than its debt. While the security of such creditor must be duly honored, we do not construe the statute to require the sacrifice of any equity in real property above the amount of the mortgage debt.

It is our conclusion that the Referee was in error in requiring Mid-State Homes, Inc., to participate in the Wage Earner's Plan as a method of payment of his debt. This does not, however, in any way indicate that the injunction against foreclosure ordered by the Referee was in error. This injunction is still in force and, from the findings of fact included in the review, it is clear that such injunction should be continued in force and effect. Even though a debt secured by real estate may not, over objection, be included in a Wage Earner's Plan, it is amply clear that the court, nevertheless, retains jurisdiction over any and all property of the debtor. Section 611 of the Bankruptcy Act provides:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located, and of his earnings and wages during the period of consummation of the plan."

It will be observed that there is no limitation in § 611 as to the variety of property, real or personal, over which the court retains exclusive jurisdiction during the period of consummation of a Wage Earner's Plan.

Further, § 614 of the Bankruptcy Act specifically provides that: "The court may, in addition to the relief provided * * * elsewhere under this chapter, * * * enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor." It

seems clear to us that these provisions not only authorize, but require, that the court retain jurisdiction of any property, including an equity of redemption in real estate, for the benefit of the estate. This must be true, when it is observed that under § 666 of the Bankruptcy Act the proceedings under Chapter XIII may be dismissed and the debtor adjudicated a bankrupt and bankruptcy proceeded with. Section 667 provides that: "Upon the entry of an order directing that bankruptcy be proceeded with * * * the proceeding shall thereafter be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed."

Under § 669, where such an order directing that bankruptcy be proceeded with is made, the trustee, upon his qualification, is vested with all property of the debtor as of the date of the entry of the order directing that bankruptcy be proceeded with. It would seem clear that it would be improper to allow an asset of the estate to be dissipated by permitting a foreclosure during the pendency of a Chapter XIII proceeding, to the potential detriment of other creditors who may ultimately have an interest in that very asset if the case is converted to bankruptcy. The injunction against foreclosure of the lien of Mid-State Homes is, of course, limited to the period of pendency of this case, and during the effective period of the injunction nothing should be allowed to impair the security of Mid-State Homes.

While we are not aware of precedents for the exercise of this injunctive power in Chapter XIII cases, there are ample precedents under the identical statutory section in Chapter XI, 11 U.S.C.A. § 701 et seq. See Vol. 8, Collier on Bankruptcy (14th Edition), ¶ 3.22, page 186, et seq., and 9 Remington on Bankruptcy (Sixth Edition), ¶ 3577, page 220, et seq. These are of special applicability here because under Chapter XI *no* secured debts, even

secured by personal property, may be dealt with by the arrangement proposal. See: In re Atlantic Steel Products Corp., 31 F.Supp. 408, 410 (D.C.N.Y., 1939).

It is therefore our conclusion, and it is hereby ORDERED, that this case be remanded to the Referee in Bankruptcy before whom the same is now pending, and that the Wage Earner's Plan in this case be so modified as to exclude from its payment plan Mid-State Homes, Inc. The injunction against foreclosure by Mid-State Homes, Inc., is continued in effect. In modifying the Wage Earner's Plan herein, the Referee may properly consider what provisions should be made to enable debtor to exercise his equity of redemption in the real property in question consistent with preservation of the security of Mid-State Homes, Inc., pending such exercise.