**In the Matter of Vanderbilt COPES, Jr., Debtor.**

**No. 6654–B–4.**

United States District Court
D. Kansas.

June 19, 1962.

Chas. F. Williams, Kansas City, Kan., and John W. Schwartz, Kansas City, Mo., for debtor.

Roy Cook, Kansas City, Kan., and Dennis G. Muller, Kansas City, Mo., for petitioning creditor.

ARTHUR J. STANLEY, Jr., Chief Judge.

Vanderbilt Copes, Jr., debtor, filed a petition for extension of time in which to pay his debts under Chapter XIII of the Bankruptcy Act. The debtor's plan was rejected by B–W Acceptance Corporation, hereinafter called B–W, a secured creditor.

The plan was confirmed over the rejection and B–W petitioned for reclamation of certain furniture which secured the debt. Reclamation was denied on the grounds, *inter alia*, that possession of the

furniture by the debtor was essential for his rehabilitation under the plan, and that the plan had been modified so as to pay B–W approximately $27.00 per month. The contract between B–W and the debtor calls for monthly payments of $45.61. The Referee's order denying reclamation was conditioned upon the debtor faithfully making his payments under the plan. The condition, however, is not material in this review.

It is the position of B–W that the Referee's order, in effect, brings B–W within the plan without its consent and therefore should be reversed. The Referee asserts that the Bankruptcy court has the power to issue such orders as are necessary to carry out confirmed plans under Chapter XIII, and that to deprive the present debtor of the furniture would interfere with consummation of the plan.

The petition for review now before the court does not attack the confirmation. The sole question presented is whether there is error in the order denying reclamation.

Section 614 of the Bankruptcy Act, 11 U.S.C.A. § 1014, provides:

"The court may * * * upon notice and for cause shown, enjoin or stay until final decree * * * the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

This section was construed in the case of In re Duncan, 33 F.Supp. 997 (E.D.Va. 1940). The Referee's order in the Duncan case, staying the petition for reclamation, was upheld for three reasons: (1) the debtor had substantial equity in the security, (2) the creditor had acquiesced in the default, and (3) the debtor had provided for payments according to the terms of the contract.

In the present case, I need not determine the existence or non-existence of substantial equity or acquiescence. The debtor's plan, as modified by the Referee's order, does not provide for payments according to the terms of the contract. The order renders B–W an involuntary participant in the plan. In re O'Dell, 198 F. Supp. 389 (D.Kan.1961).

Tacit assumption of the contract by the debtor's estate might be read into the Referee's denial of reclamation were it not for the rule that an executory contract, if assumed,

> "* * * cannot be rejected in part, and assumed in part. The debtor, or the trustee, is not free to retain the favorable features of the contract, and reject only the unfavorable ones. Assumption carries with it all of the burdens as well as the benefits of the contract." 8 Collier, 14th Ed. ¶ 3.15.

 I hold that a secured creditor who rejects a plan is entitled either to his contract benefits or the return of his security. The order denying reclamation will be reversed.

Counsel will submit an appropriate order.