In the Matter of Richard F. HALLENBECK, Debtor.

No. 3631.

United States District Court
W. D. Virginia,
Roanoke Division.

Oct. 2, 1962.

Edwin M. Young, Roanoke, Va., for debtor.

Wilbur L. Hazlegrove, Roanoke, Va., for Penn Mutual Life Ins. Co.

MICHIE, District Judge.

On January 26, 1962 Richard Francis Hallenbeck, hereinafter called the Debtor, filed his petition under Chapter XIII of the Bankruptcy Act (11 U.S. C.A. §§ 1001–1086). The statements filed showed that he owned a lot valued at $12,000.00 against which he had mortgage indebtedness of $10,618.84 and he estimated his equity in the property at $500.00. Actually, it appears from other documents that the property in question was owned by the Debtor and his wife as tenants by the entirety. As Mrs. Hallenbeck has not filed in bankruptcy the equity in the property, if any, was not an asset of Mr. Hallenbeck's estate in bankruptcy. See Phillips v. Krakower (4 Cir. 1931), 46 F.2d 764; Roberts v. Henry V. Dick & Co., Inc. (4 Cir. 1960), 275 F.2d 943; and In re Reid (1961),

D.C., 198 F.Supp. 689. As indicated in the Reid case the law in Virginia with respect to a tenancy by the entirety is the same as the Maryland law discussed in the Krakower case. Vasilion v. Vasilion (1951), 192 Va. 735, 66 S.E.2d 599.

The creditor secured under the deed of trust has directed the Trustees to sell the property under the deed of trust, the Debtor being in default in his payments, but the Referee in Bankruptcy has enjoined the Trustees from selling.

11 U.S.C.A. § 1014 (a section of Chapter XIII) provides that:

"The court may * * * enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

11 U.S.C.A. § 1006, dealing with definitions under Chapter XIII of the Bankruptcy Act provides in part that for the purposes of the chapter:

" 'claims' shall * * * not include claims secured by estates in real property or chattels real".

Section 1011 provides that:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property * * *."

Can real estate upon which there is a mortgage which is expressly declared not to be a "claim" within the meaning of the Chapter be held to be "property" of the Debtor with which the Chapter is concerned?

Since the debt is not a "claim" under the Chapter, because it is secured by an estate in real property, it may be doubted that the "property" securing the debt is subject to the jurisdiction of the bankruptcy court. If the Referee cannot deal with the "claim" it would seem that the creditor should be free to deal with the property upon which the claim is secured.

Furthermore, since a tenancy by the entirety is not, when one of the spouses is not in bankruptcy, an asset of the estate, can such a tenancy be deemed to be "property" of the Debtor within the meaning of §§ 1011 and 1014?

Soon after the question arose the Debtor and his wife offered to convey the property, subject to the mortgage, to the Trustee in Bankruptcy and I am advised by counsel that, subsequent to the filing of this Petition for Review, such a deed has been executed and delivered. This is an obvious effort to bring the "property" within the jurisdiction of the bankruptcy court, the parties doubtless having been advised of the serious question theretofore raised as to whether the court had any jurisdiction over the property prior to such transfer.

The questions involved therefore are whether the Referee in Bankruptcy had the right to enjoin the Trustees from proceeding with the sale of the property under the deed of trust at the time he did so and, if not, whether any validity was conferred upon such injunction by reason of the subsequent transfer of the "equity" in the property to the Trustee in Bankruptcy.

The Referee concedes that there is no equity in the property, saying in his Certification on this Petition for Review that, "It is very evident from this appraisal and the balance due on said loan that any public foreclosure of this property could create a deficiency, which if asserted against the wage earner plan, would disrupt the plan of payment and inevitably perpetuate bankruptcy."

So the issue is whether the Referee, in the interest of the creditors concerned with the Wage Earner Plan, can enjoin a secured creditor from foreclosing on his security though such creditor's "claim" is plainly excluded from the Referee's jurisdiction and the security is a tenancy by the entirety which is not "property" of the Debtor in the bankruptcy proceeding.

There are really two strings to the creditor's argument: (1) Is real estate which is subject to a deed of trust to secure an indebtedness which itself is not a "claim" under Chapter XIII "property" of the Debtor against foreclosure on which an injunction may issue? and (2) Is the interest of a Debtor in a tenancy by the entirety, which is not property of the Debtor that the bankruptcy court can reach, property which the bankruptcy court can control indirectly by injunction against its sale under the deed of trust, the existence of which prevents it from being an asset in bankruptcy?

I think the answer is no to both questions, though there may be real doubt with respect to the answer to the first question.

In fact the contrary has been decided as to the first point. In In re Garrett (1962), D.C., 203 F.Supp. 459, the facts are to all intents and purposes identical with the facts of this case except that a tenancy by the entirety was not involved. The court held that a sale under the deed of trust could be enjoined. It was felt however in that case that there was an equity in the property which might ultimately redound to the benefit of the general creditors whereas in the instant case there is no such equity.

I am inclined to disagree with the court in the conclusion it reached in that case. It seems plain to me that when claims secured by estates in real property were excluded from the operation of the Plan, the property securing such claim was likewise by plain inference excluded from the jurisdiction of the Referee. Otherwise an intolerable situation might result under which by various devices the mortgagee's security might be frittered away for the benefit of the general creditors though the Referee had no power with respect to the mortgagee's claim.

And the subsequent, conveyance to the Trustees in Bankruptcy should not change this result since they have no better title than the Debtor could give and the Debtor's rights were subject to the paramount rights of the secured credi-

tor which cannot be affected by any act of the Debtor whether or not his wife joins in it.

In any event, whether In re Garrett, supra, was correctly decided or not, I do not think the injunction can stand since in this case we are dealing with the Debtor's interest in a tenancy by the entirety which is certainly not "property" of the Debtor in bankruptcy. And I do not think that the Debtor himself can defeat the rights of the secured creditor by undertaking to convey with his wife the equity of redemption in the property to the Trustee in Bankruptcy who has no right to it under the Bankruptcy Act. Such a conveyance can no more defeat the right of the secured creditor and the Trustees under the deed of trust than could a conveyance to some perfect stranger defeat those rights.

Authorities other than the Garrett case are of still less significance.

In re Clevenger (7th Cir. 1960), 282 F.2d 756, has perhaps some slight bearing on the situation. In that case General Electric Credit Corporation and Illinois National Bank & Trust Co. held conditional sales contracts on a TV set and an automobile, respectively. They were therefore secured creditors but their claims were not excluded from the operation of the Chapter because their claims, though secured, were not secured by an estate in real property or chattels real. All of the general creditors of the Debtor accepted the proposed plan but the secured creditors did not. The Bank and General Electric filed reclamation petitions. The Debtor offered to increase his payments and the Referee accepted the offer and denied the reclamation petitions and restrained the Bank and General Electric from proceeding with reclamation. In each case the Referee found that the Debtor had acquired a substantial equity in the chattels subject to the liens. The court upheld the right of the Referee to enjoin reclamation but the case is not in point here since there was

no question involved of a tenancy by the entirety. And also the claims of the creditors involved, though secured, were not secured on real estate and therefore were not such "claims" as are excluded from the operation of Chapter XIII by 11 U.S.C.A. § 1006.

In In re O'Dell (1961), D.C., 198 F. Supp. 389, it was held that a plan under Chapter XIII which did not provide for the assumption by the trustee or otherwise make provision for the payment of the claims of creditors secured by chattel mortgages according to the terms of the instrument creating the debt should not be confirmed unless accepted by the secured creditors. If this is so as to secured creditors whose debts are "claims" within the meaning of the term as used in Chapter XIII, how much more clearly is it true with respect to secured creditors whose "claims" are not considered claims at all under the provisions of Chapter XIII?

In re Duncan (1940), D.C., 3C F.Supp. 997, a proceeding under Chapter XIII of the Act, is quite similar in its facts to the case at bar in that the Referee stayed a sale of a refrigerator which was covered under a conditional sales contract. The case is clearly distinguishable however on the two grounds on which this opinion is based, namely, that (1) in this case we are dealing with a tenancy by the entirety which was not involved in the Duncan case and (2) in this case we are dealing with a "claim" which the very terms of the Act provide shall not be a "claim" under Chapter XIII, whereas in the Duncan case, the security being a refrigerator instead of real estate, the "claim" was a claim which was subject to the Act.

I find no other case remotely bearing on the subject. I therefore find that it was error on the part of the Referee to enjoin the Trustees under the deed of trust from selling the real estate in question and remand the case to the Referee with directions to terminate the injunction.