In the Matter of Richard Francis HAL-
LENBECK and Gertrude DeHaan
Hallenbeck, Debtors.

Nos. 3631, 4080.

United States District Court
W. D. Virginia,
Roanoke Division.

Nov. 27, 1962.

Edwin M. Young, Roanoke, Va., for bankrupts.

Wilbur L. Hazlegrove, Roanoke, Va., for Penn Mutual Life Insurance Company.

MICHIE, District Judge.

This matter is before me for the second time with the factual situation slightly changed. On October 2, 1962 I rendered an opinion herein in which I held that the Referee in Bankruptcy could not properly enjoin a proposed sale by the trustees under a deed of trust on real estate owned by the Debtor, Richard F. Hallenbeck, and his wife as tenants by the entirety, the debt secured thereby being in default and the creditor having directed a sale. 209 F.Supp. 263. My reasoning was, primarily, that a tenancy by the entirety under Virginia law is not such an asset as to become property of a trustee in bankruptcy if one of the tenants (in this case the wife) is not in bankruptcy and, secondarily, also on the theory that, since Chapter XIII of the Bankruptcy Act provides that a "claim" within the meaning of the Chapter shall not include "claims secured by estates in real property", the property securing such a debt could hardly be held to be an asset of the bankrupt estate since the trustee had no jurisdiction over the debt secured on such property.

■ Since my decision on that point Mrs. Hallenbeck has filed a petition in bankruptcy and her case has been consolidated with that of her husband so that under well settled principles the tenancy by the entirety has become an asset of the joint estates in bankruptcy. Roberts v. Henry V. Dick & Co., 275 F. 2d 943 (4th Cir. 1960).

In my previous opinion, while feeling certain that on account of the Virginia tenancy by the entirety rule the property involved in this matter did not become an asset of the bankrupt's estate, I also based my decision on the theory that, since the debt secured upon the tenancy by the entirety was not a "claim" under the express provision of Chapter XIII, the property which secured such claim could hardly be subject to the bankruptcy proceedings. However I expressed some doubt as to the latter ground of decision, principally because the only case upon the point is directly to the contrary— In re Garrett (1962), D.C., 203 F.Supp. 459.

The effect of the tenancy by the entirety to prevent the property from becoming an asset of the bankrupt estate having been removed by the adjudication of the wife as a bankrupt and the consolidation of the estates of the husband and wife, my decision must now be squarely based on the point discussed in the Garrett case. But again, while I expressed some doubt upon the point in my previous opinion, further consideration convinces me that the Garrett case was erroneously decided and that therefore I must decide this case as I did before.

As I said in my former opinion it is expressly provided in 11 U.S.C.A. § 1006 that " 'Claims' shall * * * not include claims secured by estates in real property or chattels real". And § 1011 provides that "Where not inconsistent with the provisions of this Chapter, the court * * * shall for the purposes of this Chapter, have exclusive jurisdiction of the debtor and his property * * *."

■ Can it have been the intention of Congress to provide that the Referee shall have nothing to do with a debt secured upon real property but that nevertheless the property itself shall be subject to the jurisdiction of the bankruptcy court? For if the property can be dealt with in any way the debt itself (which of course is a "claim" in common parlance) will certainly be affected. And if the Referee cannot deal with the "claim" it would seem that the creditor should be left free to deal with the property upon which the claim is secured. Otherwise an intolerable situation might exist in which the Referee by dealing with the property in one manner or another might very adversely affect the security of the claim—over which under the express terms of the Act the Referee has no jurisdiction. It seems plain to me that when claims secured by estates in real property were excluded from the operation of Chapter XIII the property securing such claims was likewise by plain inference excluded from the jurisdiction of the Referee.

■ As indicated above § 606, sub. 1, of Chapter XIII of the Act expressly excludes from the definition of "claims" all claims secured by estates in real property. Section 606, sub. 2, defines a creditor as the holder of any claim. Since the debt secured on real property is not a "claim" under the Chapter the creditor holding that debt is not a "creditor" under the Chapter. He is therefore not entitled to participate in the proceedings and should not be directly affected by any proceedings had under the Chapter to which he is not allowed to be a party. He is not entitled to receive notice of the proceedings and no provision is made for the acceptance or rejection by him of the Wage Earner's Plan.

It may be doubted that § 646 of the Chapter makes any provision for dealing with debts that are not "claims" within the meaning of the Chapter. It does state that a plan under the Chapter may include provisions dealing with secured

debts and for priority as between the secured and the unsecured debts "affected by the plan". But, if a debt secured upon real estate is not a "claim" within the meaning of the Chapter, it would seem that the "secured debts" referred to in § 646 are those secured upon personal property and, by a parity of reasoning, it would seem that § 611 of the Act, giving the court jurisdiction over the property of the Debtor, and § 614 of the Act, empowering the bankruptcy court to enjoin the enforcement of any lien upon the property of the Debtor, should not give the bankruptcy court any power so to enforce or stay proceedings with respect to property which is subject to liens which are not "claims" within the meaning of the Chapter.

Unlike Chapter XIII with which we are here concerned, Chapter XII of the Act does make provision for "arrangements" altering or modifying the rights of creditors holding debts secured by real property when the arrangement is approved by the required amount of such secured claims. The failure to include any such provision in Chapter XIII, coupled with the fact that debts secured on real estate are not "claims" under Chapter XIII, clearly indicates the intent of Congress not to permit the modification of the security of such debts by action under Chapter XIII.

Similarly Chapter XII contains a provision that nothing therein contained shall affect or apply to creditors of any debtor under a mortgage insured pursuant to the National Housing Act. But no such provision is found in Chapter XIII—obviously for the reason that it was thought that the exclusion from the effect of the Act of "claims" secured upon real estate automatically excluded from the operation of the Chapter the real estate upon which mortgages so insured were secured.

In fact what appears to follow clearly from the fact that a debt secured upon real estate is not a "claim" within the meaning of Chapter XIII is true generally of liens under the other provisions of the Act.

Thus it is said in 5-A Remington on Bankruptcy, p. 425:

"If the lien is not voidable under § 67(a) of the Act, because obtained more than four months prior to bankruptcy, or for other reasons, the bankruptcy court usually has no sufficient ground or reason for interfering with it or with its enforcement. The lien having been obtained and become effective before the four months, it is immaterial that the steps to enforce it, restraint of which is sought, were not taken until within the four months time. And if the lien was acquired, and the proceedings to make it effective were also instituted, before four months prior to filing of the bankruptcy petition, right to proceed without interference is usually clear."

And again at p. 430:

" * * * While proceeding with sale without the bankruptcy court's leave or acquiescence accordingly leaves the sale of doubtful validity should the trustee in bankruptcy or a creditor wish to attack it, the trend of authority is that the sale should not be upset except for very good cause even though express leave of the court was not obtained in advance. The pledgee or security holder is regarded as having distinct rights of value, and the bankruptcy court should not interfere with the sale, either by refusing consent in advance or upsetting it after it is made, merely because a better price might result if sale were delayed or a resale required."

And as I said in my previous opinion:

"In In re O'Dell (1961), D.C., 198 F.Supp. 389, it was held that a plan under Chapter XIII which did not provide for the assumption by the trustee or otherwise make provision for the payment of the claims of creditors secured by chattel mortgages according to the terms of the instrument creating the debt should

not be confirmed unless accepted by the secured creditors. If this is so as to secured creditors whose debts are 'claims' within the meaning of the term as used in Chapter XIII, how much more clearly is it true with respect to secured creditors whose 'claims' are not considered claims at all under the provisions of Chapter XIII?"

A further search of authorities since my previous opinion was written has brought to light only one case that has any remote bearing on the problem. In In re Copes, D.C., 206 F.Supp. 329, a Debtor's plan to pay his debts under Chapter XIII was rejected by a creditor whose debt was secured upon certain furniture. The plan was nevertheless confirmed but the Referee refused to permit the secured creditor to reclaim the furniture on the ground that continued possession by the Debtor was essential to his rehabilitation under the Plan. The Plan provided for payments on the indebtedness for the furniture of $27.00 per month instead of $45.61 as called for by the contract. The court held that:

"A secured creditor who rejects a plan is entitled either to his contract benefits or the return of his security. The order denying reclamation will be reversed."

If this is so as to creditors who are the holders of "claims" as the term is used in the Chapter, *a fortiori* must it be true of creditors holding obligations which are not "claims" as the term is used in the Chapter.

I can find no other case remotely bearing on the subject than those mentioned herein and in my previous opinion and I therefore still conclude that the Referee should not have enjoined the Trustees under the deed of trust from selling the real estate in question and again remand the case to the Referee with directions to terminate the injunction.

An order will be entered accordingly.