In the Matter of **J. C. TERRY,**
Debtor.

No. 15962.

United States District Court
S. D. Georgia,
Savannah Division.

Oct. 26, 1968.

Supplemental Order Nov. 15, 1968.

Thomas S. Gray, Jr., Savannah, Ga., for petitioning creditor.

Limerick L. Odom, Savannah, Ga., for debtor.

George H. Chamblee, Savannah, Ga., for trustee.

## ORDER ON PETITION FOR REVIEW

LAWRENCE, District Judge.

An extension of the deadline for review of the above order having been granted by the Referee, creditor's petition-for-review from the Referee's Order of Confirmation has been timely filed pursuant to Title 11, § 67, United States Code.

The Referee's findings of fact, generally acceptable unless clearly erroneous (Washington v. Houston Lumber Co., 10 Cir., 310 F.2d 881), are apparently not in dispute here. The circumstances are stated as follows: Debtor, Terry, filed his proceeding for Wage

Earner on November 8, 1967 and, after notice to creditors, the matter came on for hearing before the Referee on December 7, 1967. Petitioning secured creditor, Colonial Stores Employee's Credit Union of Atlanta, was not represented at this meeting and did not submit through the debtor or on its own action a written acceptance of the proposed Wage Earner Plan. The Referee, without a subsequent hearing, entered an Order on December 7, 1967 accepting debtor's application and confirming the plan as amended by the Referee at that time. The plan, as confirmed, provides for payments to Colonial in the amount of $60.00 per month and enjoins all creditors, general and secured, from instituting any suit or proceeding to enforce any lien against property of the debtor. Colonial subsequently filed a claim and petition-for-reclamation setting out its position as a secured creditor with a security interest in the automobile · of debtor who is contractually obligated to pay $79.69 per month. Colonial also showed that debtor was in default and that Colonial refused to accept the Wage Earner Plan which reduced its contractual benefits to $60.00 per month. The Referee entered his Order dated July 24, 1968 denying petitioner's reclamation and finalizing confirmation of the plan. It is from this Order that petitioner seeks review.

■ It is the opinion of this court that the applicable section of the Bankruptcy Act, providing for confirmation of Wage Earner Plans, is sufficiently clear to be controlling in the present instance. § 652(1) of the Act [Title II, § 1052(1)] states that applications for confirmation of Wage Earner Plans cannot be filed or considered until accepted by a *majority* of the unsecured creditors and by *all* of the secured creditors. The effect of this section is to require written acceptance of any such Wage Earner Plan by any secured creditor who is to be bound by the terms of the plan. Any non-accepting secured creditor is entitled to the contractual benefits of his security agreement with the debtor and cannot be forced to accept less. The case law on this issue is clear. See In re Copes, D.C., 206 F. Supp. 329 and In Re Pappas, D.C., 216 F.Supp. 819. In *Copes* the court said, "I hold that a secured creditor who rejects a plan is entitled either to his contract benefits or the return of his security." (at 330)

The Referee in the present case has denied reclamation on the grounds that debtor has substantial equity in the automobile and that the reduced payments are sufficiently in excess of depreciation on the automobile so that Colonial's secured position is rapidly being strengthened. The Referee attempts to protect the debtor by invoking broad equity powers of the Bankruptcy Court pronounced by The United States Supreme Court in Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, where the Court declared that Bankruptcy Courts have the power "to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate". Although this court agrees that the power to deny or subordinate certain claims can and should be exercised where the Bankruptcy Court has discretion, it does not feel that this discretion can be exercised where it would contradict a clearly established principle of law.

While this court feels that allowance of reclamation would be proper under the circumstances, it also feels that the interests of all parties would be more adequately served by granting to the secured creditor all monetary benefits presently accrued and to be received in the future under the terms of the security agreement. It is left up to the discretion of the Referee to increase petitioner's pro rata share of the debtor's payments to $79.69 per month and to pay petitioner the accrued balance on past reduced payments plus interest at the legal rate on that balance or in the alternative, to allow reclamation.

Accordingly, the Order of July 24, 1968, now under review, is hereby vacated as it pertains to petitioner and the matter is remanded to the Referee to take further action consistent with this opinion.

## SUPPLEMENTAL ORDER ON PETITION FOR REVIEW

Execution of this Court's order of October 26, 1968, was delayed and the above matter came on for further argument on November 5, 1968. At that time Trustee's attorney argued in support of the Referee's order denying reclamation and confirming the proposed wage earner's plan.

It is the Trustee's contention that the Referee's power to enjoin foreclosures or similar creditor actions designed to reach the debtor's property in wage earner cases may be used to bring about acceptance by a secured creditor of a wage earner plan which materially alters contractual rights.

■ The Referee's power to enjoin foreclosure proceedings is created by statute (Title 11, § 1014 U.S.C.) and is well recognized judicially. See In Re Clevenger, 7 Cir., 282 F.2d 756; Hallenbeck v. Penn Mutual Life Insurance Co., 4 Cir., 323 F.2d 566; In Re Copes, D.C., 206 F.Supp. 329; In Re Pappas, D.C., 216 F.Supp. 819. This injunctive power is, however, not absolute. It is merely discretionary and must be exercised within the reach of the Referee's statutory authority. In *Hallenbeck* the Court says, " * * * the exercise of such power lies within the sound, rather than the absolute, discretion of the referee and if such discretion has been abused the action of the referee in that regard should not be upheld." (at p. 574 of 323 F.2d).

The question for determination is, to what extent is the Referee's injunctive power limited in dealing with secured creditors under Chapter XIII wage earner plans? From the statutory language, § 652(1) of the Act [Title 11, § 1052(1) U.S.C.], it is clear that wage earner plans affecting the rights of secured creditors cannot be forced upon those creditors who are "dealt with" by the plan.

■ A strict interpretation of this section would almost wholly curtail the Referee's injunctive power over secured creditors affected by any plan. The key phrase is, "dealt with". Where the secured creditor's rights are not *"materially"* affected the plan does not "deal with" the creditor and may be put into operation without his consent. In Re Wilder, D.C., 225 F.Supp. 67. In that case the plan did not materially affect the secured creditor's rights where all of the payments would be made in twenty-six instead of twenty-four months and the Referee's power to enjoin was accordingly upheld.

In *Clevenger* (supra) the Court, in upholding the Referee's injunction, pointed out that the program of payment under the "plan" contemplated "as large if not larger payments than were required in the purchase contracts".

In *Hallenbeck* (on which the Trustee seems to place most reliance) the Court states that as a requisite for exercise of the Referee's injunctive powers "the owner of the secured indebtedness must not be required to accept less than the full periodic payments specified in his contract" (at p. 572 of 323 F.2d).

It would appear that the law as construed by the courts strongly favors protection of the contract interests of secured creditors who would otherwise be adversely affected by unaccepted wage earner plans. For an excellent discussion of the problem, see In Re Pizzolato, D.C., 268 F.Supp. 353.

■ In the instant case the proposed wage earner plan would reduce the secured creditor's contractual benefits by almost 25%, from $79.69 to $60.00 per month. I feel that the proposed plan is clearly *material* and *adverse* as related to petitioner. I feel that the Referee (if he will forgive me for saying so) has gone beyond the permissible range

of "sound discretion". The secured creditor here has neither "arbitrarily" rejected all wage earner plans nor has he demanded his security as the Trustee indicates. Colonial's rejection of the proposed plan was reasonable in the light of the extent to which its benefits were to be curtailed. It also appears that Colonial does not insist upon reclamation but is merely insisting on its contractual rights.

For the foregoing reasons, it is ordered that this Court's order of October 26, 1968, be made final and the Referee is directed to proceed in a manner consistent with that opinion.