**In the Matter of Roy WEBB, Debtor.**

**In Extension No. 23824.**

United States District Court
E. D. Virginia,
Norfolk Division.

May 2, 1966.

Fred E. Martin, Jr., Norfolk, Va., for petitioner David R. Levin, Portsmouth, Va., trustee.

WALTER E. HOFFMAN, Chief Judge.

This petition for review presents the single question as to whether a debtor may file successive petitions under Chapter XIII of the Bankruptcy Act, thus having more than one extension proceeding pending at the same time.

The history of past proceedings may tend to throw some light upon the matter. A petition for straight bankruptcy under Chapter III was filed by Roy Webb on May 27, 1963. He was granted his discharge and the case was closed on September 30, 1963.

A petition under Chapter XIII was filed on April 29, 1964, and dismissed on June 1, 1964.

A petition under Chapter XIII was filed on June 30, 1964, and dismissed on August 18, 1964.

Another petition under Chapter XIII was filed on September 3, 1964, and after a hearing on confirmation, was confirmed by order dated November 2, 1964. In this case the costs of administration have been paid and three dividends to creditors have been made by the trustee, same representing a 48% dividend as of March

21, 1966, to creditors whose claims have been allowed.

The present petition was filed on February 14, 1966, and the Referee quite properly held that the petition was improperly filed due to the pendency of the prior Chapter XIII proceeding which is still under the control of the court.

For some years there has been a dispute as to whether a Chapter XIII proceeding could be filed within six years from the date of the granting of a discharge in a Chapter III proceeding. This question is answered in the affirmative by the recent decision of the United States Supreme Court in Perry v. Commerce Loan Company, 86 S.Ct. 852, decided March 7, 1966.

It should be noted that there is no express provision in Chapter XIII which meets the situation here presented. However, under § 602 of Chapter XIII it is declared that the provisions of Chapters I through VII apply in Chapter XIII proceedings insofar as they are not inconsistent or in conflict with the provisions of Chapter XIII. As *Perry* points out, proceedings under Chapter XIII for confirmation of a wage-earner composition (as contrasted with an extension) would be barred by prior bankruptcy, "since repeated use of such plans would in effect, provide an opportunity for abuse of the Act." The Supreme Court stated that the court has the power "to make certain that the provisions of the chapter [Chapter XIII] are not abused."

Holding that the successive use of Chapter XIII proceedings, where one such proceeding is already under the control of the court, would constitute a clear abuse of the Act, the Referee properly ordered the dismissal of the petition filed on February 14, 1966.

Petitioner suggests that the existing proceeding now pending was *ipso facto* terminated by the order of November 2, 1964, confirming the plan. The order provided, in part:

"ORDERED that in the event the indebtedness of the debtor for money borrowed or for merchandise purchased on credit subsequent to the filing of his petition to effect a plan shall at any time exceed one hundred ($100.00) dollars, this plan shall thereupon terminate; * * *."

As the petition for an extension demonstrates that petitioner has violated this order, his counsel urges that the plan is "terminated", thus affording the right to file a new petition. We disagree. The language of the order may afford grounds for dismissal of the case, or some modification of the plan in effect, but it does not dismiss the case or *per se* terminate the plan.

It is ordered that the order of the Referee, dated March 1, 1966, dismissing No. 23,824 be, and it hereby is, affirmed.