**Roy WEBB, Debtor, Appellant,**

**v.**

**David R. LEVIN, Trustee in Bankruptcy, Appellee.**

**In the Matter of Roy WEBB, Debtor.**

**No. 10702.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 10, 1967.

Decided Feb. 21, 1967.

Fred E. Martin, Jr., Norfolk, Va., for appellant.

Jerrold G. Weinberg, Norfolk, Va. (Stackhouse & Weinberg, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and KAUFMAN, District Judge.

FRANK A. KAUFMAN, District Judge.

On February 14, 1966, appellant filed a petition in the District Court under Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. §§ 1001–1086, requesting confirmation of a plan for an extension of time within which to pay his debts of $1726.65 in weekly installments of $15 from his future wages of $400 a month. The Referee in Bankruptcy dismissed the petition because of the existence of a Chapter XIII extension plan previously filed by appellant on September 3, 1964 and confirmed in the District Court on November 2, 1964. That earlier plan was in the course of being administered on February 14, 1966. The District Court affirmed the decision of the Referee and dismissed the petition for the new plan in a Memorandum Order, 253 F.Supp. 757 (E.D.Va.1966). From that Order appellant has appealed to this Court.

We agree with the Referee in Bankruptcy and the District Court that when one Chapter XIII extension plan is in existence, a new and additional plan cannot be confirmed and brought into being.

As the District Court noted in its Order, there is no express provision in

Chapter XIII which governs the situation here presented. Nor does it appear that this question has been decided or even discussed in the cases which have arisen under Chapter XIII. In Perry v. Commerce Loan Co., 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966), the United States Supreme Court decided that confirmation of an extension plan under Chapter XIII is not barred by a discharge in bankruptcy obtained within the previous six years. While that decision has no direct application to this case, the Court in *Perry* did indicate that a petition for a composition, as opposed to an extension, plan under Chapter XIII would be barred by a discharge in bankruptcy obtained within the previous six years, stating that "repeated use of such plans would in effect, provide an opportunity for abuse of the Act." Perry v. Commerce Loan Co., supra, 383 U.S. at 403, 86 S.Ct. at 859. Similarly, there would almost inevitably be confusion, if not abuse, if two Chapter XIII plans, involving the claims of two different groups of creditors, were operating side by side at the same time.

■ Chapter XIII makes provision for alterations or modifications of a plan prior to its confirmation (Bankruptcy Act §§ 653 and 654, 11 U.S.C.A. §§ 1053 and 1054) and within six months after confirmation if there was fraud in the procuring of the plan. Bankruptcy Act § 671, 11 U.S.C.A. § 1071. In addition, it has been held that pursuant to section 602 of the Bankruptcy Act, 11 U.S.C.A. § 1002, and section 57n of the Act, 11 U.S.C.A. § 93(n), claims can be filed within six months after the first meeting of creditors "to the same extent as it is [possible] under straight bankruptcy proceedings." In the Matter of Maye, 180 F.Supp. 43, 45 (E.D.Va.1958). But otherwise there would appear to be no Chapter XIII provision allowing creditors to file claims under an extension plan after its confirmation. Therefore, those claims of appellant's creditors which have come into being since the

confirmation of the existing plan can no longer be filed under that plan.

■ The Order of November 2, 1964, confirming the existing plan, provided that "in the event the indebtedness of the debtor for money borrowed or for merchandise purchased on credit subsequent to the filing of his petition to effect a plan shall at any time exceed one hundred ($100.00) dollars, this plan shall thereupon terminate. * * *" Appellant has represented that for reasons beyond his control he exceeded the one hundred dollar limitation. As the District Court has noted, the fact that appellant has apparently incurred debts in excess of the one hundred dollar limit set by the existing plan "may afford grounds for dismissal of the case * * * but it does not dismiss the case or *per se* terminate the plan."

■ Section 666 of the Bankruptcy Act, 11 U.S.C.A. § 1066, provides for dismissal of an extension plan if the debtor defaults in connection with any of the terms of the plan after its confirmation. There would appear to be no provision in Chapter XIII which would prevent the District Court in this case from terminating the existing plan and thereafter confirming a new plan. Whether any such new plan would ultimately be confirmed would depend, in the first place, upon the approval of appellant's creditors—both old and new. Bankruptcy Act §§ 651 and 652, 11 U.S.C.A. §§ 1051 and 1052. But the necessity of securing creditor approval prior to the confirmation of any new extension plan would exist even were we to have held that a new Chapter XIII plan could be confirmed before dismissal of the existing plan. Appellant has conceded as much in his brief by stating "that if he [appellant] does not obtain the required consent of creditors, then his [new] plan * * * could not be confirmed."

The District Court noted in its Order dated May 2, 1966, dismissing the petition for confirmation of the new plan, that the costs of administration in con-

nection with the existing plan have been paid and "three dividends to creditors have been made by the trustee, same representing a 48% dividend as of March 21, 1966. * * *" Counsel for appellant has represented to this Court during oral argument that since entry of the Court's Order of May 2, 1966, appellant has continued to make payments under the existing plan, but that persons who have become creditors since the confirmation of that plan have been laying garnishments in the hands of appellant's employer, a large corporation, which is not willing to retain employees whose earnings are the subject of repeated garnishments. Thus, it may well be that the mutual interests of old and new creditors and of appellant would be furthered by the termination of the existing plan and the adoption of a new plan. The fact that appellant appears to have made a conscientious effort to abide by the terms of the existing plan may well bolster the possibility of creditor and Court approval of the dismissal of the existing plan and of the institution of a new plan.

The Order of the District Court dismissing the petition for the new plan is affirmed. For the reasons we have stated, a new Chapter XIII extension plan cannot be confirmed while the existing plan is in being. Appellant is, however, granted leave to file a petition for the confirmation of a new plan containing provisions similar to or different from those set forth in the plan attached to his petition of February 14, 1966, provided his petition states clearly and unequivocally that the new plan shall not become effective unless and until the District Court dismisses the existing plan. Whether the District Court will dismiss the existing plan or confirm any new plan will depend upon the votes of the creditors and the District Court's determination of the facts and the equities in the light of all Chapter XIII requirements and under the conditions and circumstances found by that Court to exist.

Affirmed, with leave to proceed in accordance with this opinion.