**Roy WEBB, Debtor, Appellant,**

v.

**David R. LEVIN, Trustee in Bankruptcy, Appellee.**

**No. 10702.**

United States Court of Appeals
Fourth Circuit.

June 7, 1967.

Fred E. Martin, Jr., Norfolk, Va., for appellant.

Jerrold G. Weinberg, Norfolk, Va., for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and KAUFMAN, District Judge.

PER CURIAM:

Counsel for Webb has addressed a letter to this Court in which counsel has stated that the District Court, following our opinion decided February 21, 1967, 374 F.2d 186, imposed as a condition to the confirmation of any new plan which may be submitted by Webb, the affirmative consent of all creditors, both old and new. Counsel, stating that it may be impossible to obtain the consent of all creditors, maintains that the condition allegedly formulated by the District Court is not in accord with the views expressed by us in our opinion. We will treat counsel's letter as a petition for clarification of our opinion.

Counsel's letter does not state the present status of the old plan. We assume that that plan has not yet been dismissed by the District Court pursuant to section 666 of the Bankruptcy Act, 11 U.S.C. § 1066. Under that section, if the District Court finds the debtor in default under the old plan, the District Court is required to dismiss that plan unless, perhaps, the District Court determines that there are compelling equities to the contrary. We note that the word "shall" appears in section 666 of the Act, 11 U.S.C. § 1066, rather than the word "may." An examination of Chapter XIII discloses that the words "shall" and "may" are rather carefully used. Therefore, if the District Court finds the debtor in default under the old plan and does not dismiss that plan, the District Court should then appropriately set forth the reasons why it believes there are compelling equities mitigating against dismissal.

The provisions of sections 666, 651, 652, and 656 of the Bankruptcy Act, 11 U.S.C. §§ 1066, 1051, 1052 and 1056, bestow upon the District Court the discretionary authority to make the confirmation of a new plan dependent upon a vote of less than all of the creditors. There may well be reasons why the District Court would feel that a new plan should not be confirmed without the unanimous vote of all of the creditors, or in this case without at least the unanimous vote of all of the old creditors. However, if that Court should not confirm a new plan after the majority vote of all of the creditors, the reasons for such disposition should be stated by the Court.