J. C. TERRY, Appellant,

v.

COLONIAL STORES EMPLOYEE'S
CREDIT UNION OF ATLANTA,
Appellee.

No. 27142
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 16, 1969.

---

**554**

Limerick L. Odom, George H. Chamlee, Savannah, Ga., for appellant.

Thomas S. Gray, Jr., Oliver, Maner & Gray, Savannah, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I.

The debtor, Terry, borrowed money from Colonial, his employer's credit union, to purchase a car, giving Colonial a bill of sale to the car to secure the loan. About a year later Terry filed a petition for a Chapter XIII wage earner plan.[1] Colonial filed a proof of claim, which concededly was correct, showing that the balance remaining to be paid on the car was $1579.90 and that Terry's monthly payments amounted to $79.69. Colonial rejected the wage earner plan.

The referee determined that the car was essential to Terry's employment and that he had an equity in the car which increased with each monthly payment. The referee committed the trustee to a monthly payment of $60.00 instead of the contract requirement of $79.69, denied a petition by Colonial for reclamation, and enjoined Colonial from enforcing its lien against the car.

On petition for review filed by Colonial the District Court reversed the referee, concluding that the plan materially and adversely affected Colonial's interest even though it had not accepted the plan.

Terry's argument is that the bankruptcy court may modify the contractual interests of secured creditors in Chapter XIII proceedings, where the inconvenience to the creditor is slight as compared to the beneficial results to the wage earner. In making this adjustment it acts as a court of equity. We find this argument wholly unpersuasive.

A wage earner plan may not be confirmed unless it has been accepted by all of the secured creditors whose claims are dealt with by the plan.[2] A creditor is affected by a plan "if his interest shall be materially and adversely affected thereby."[3] Colonial is squarely within these provisions and cannot be involuntarily made a part of the plan. In re Pappas, S.D.Ohio 1962, 216 F.Supp. 819; In

---

1. Section 601 et seq. of the Bankruptcy Act; 11 U.S.C.A. § 1001 et seq.

2. Section 652 of the Bankruptcy Act; 11 U.S.C.A. 1052.

3. Section 607 of the Bankruptcy Act; 11 U.S.C.A. 1007.

re Copes, D.Kan.1962, 206 F.Supp. 329; In re O'Dell, D.Kan. 1961, 198 F.Supp. 389; 10 Collier on Bankruptcy §§ 28.03, 29.01.

Terry relies on several cases that are clearly distinguishable. In Cheetham v. Universal C.I.T. Credit Corp., 1 Cir. 1968, 390 F.2d 234, the trustee was not required to make full payments under the contract to secured creditors, but since the creditors were not enjoined from proceeding against their security the court held that they were not adversely affected by the plan. In In re Clevenger, 7 Cir. 1960, 282 F.2d 756, the secured creditors were to receive at least as much as called for in the purchase contract and could reapply for relief if their security was impaired. In In re Wilder, M.D.Ga.1963, 225 F.Supp. 67, a postponement of two installment payments was held not to materially affect the creditor because the creditor had acquiesced in the default and, furthermore, having accepted the full benefit of the plan for over a year, was estopped to attack it. In re Duncan, E.D.Va.1940, 33 F.Supp. 997, permitted the resumption of installment payments that were in arrears because the creditor had previously acquiesced in the defaults.

The plan in In re Pizzolato, W.D.Ark. 1967, 268 F.Supp. 353, provided for the payment of $70.00 per month to the secured creditor, the same amount called for by the contract, but made no provision for the final balloon payment of $435.36. The court held that continued payments of $70.00 per month could be made until the contract was paid out, notwithstanding its recognition that "[i]t seems to be settled law that a secured creditor who does not consent to the proposed plan of the debtor cannot be adversely 'dealt with' by the plan." Id. at 355. The court emphasized that the facts are to be placed on the scales of equity. With this we disagree. This would effectively destroy the plain requirements concerning secured creditors in Chapter XIII wage earner plans.

Affirmed.