**In the Matter of Thomas W. THOMPSON, in Proceedings for a Wage Earner Plan, Bankruptcy No. 20302.**

**No. 20302.**

United States District Court,
M. D. Georgia,
Macon Division.

Oct. 19, 1972.

Edward J. Harrell, Martin, Snow, Grant & Napier, Macon, Ga., for petitioner Ford Motor Co.

L. Zack Dozier, Jr., Evans, Dozier & Mann, Macon, Ga., for debtor Thomas W. Thompson.

OWENS, District Judge:

Ford Motor Credit Company, a secured creditor of Thomas W. Thompson, debtor, has petitioned this court for review of an order previously entered by Truett Smith, Referee in Bankruptcy, on August 16, 1972, which denied petitioner's motion for reclamation and petitioner's oral motion to dismiss the wage earner plan.

The record shows that on July 14, 1970, Thompson purchased the car in question from Riverside Ford, Inc. The debtor executed a retail installment contract under which the seller retained a security interest.[1] This retail installment contract was assigned to petitioner on the same day it was executed, July 14, 1970. The contract provided that the total amount financed ($3,570.84) was to be paid in thirty-six monthly installments of $99.19 each. The debtor made fourteen payments, not all of which were made on time, and on December 8, 1971, filed a petition under Chapter XIII of the Bankruptcy Act, 11 U.S.C. §§ 1001–1086. The debtor's plan called for petitioner to be paid $20.00 per week and that figure was increased to $22.90 per week. Petitioner objected to this plan. The plan was confirmed on January 4, 1972, over the objection of the petitioner.[2]

The record clearly shows that the debtor has not carried out the plan.[3] The Referee, however, held that there were "compelling equities mitigating [against petitioner's reclamation]." The Referee also found that the car was essential to the debtor's employment; that he had an equity in the car; and that the debtor's defaults in the plan were due to circumstances beyond his

1. This security interest was perfected pursuant to the applicable provisions of the Georgia Motor Vehicle Certificate of Title Act, see Ga.Code Ann. § 68–421a.

2. The total amount of the plan was $43.10 per week. At that time Thompson had a take home pay of $86.00 per week. At the time the plan was confirmed Thompson was indebted to the petitioner in the amount of $2,231.78.

3. Petitioner, since the inception of the plan, has been paid a total of $174.04. If the debtor had made payments properly, petitioner should have received $517.54. Petitioner tendered back to the trustee $91.60 of this amount since it had been paid after Ford Motor Company filed its petition to reclaim the car.

control: an accident in which he lost a finger and his being placed on "short time" by his employer.

The Referee relied almost exclusively on Webb v. Levin, 374 F.2d 186 (4th Cir. 1967), as clarified in 379 F.2d 541 (4th Cir. 1967) where the court said:

"[I]f the District Court finds the debtor in default under the old plan and does not dismiss that plan, the District Court should then appropriately set forth the reasons why it believes there are compelling equities mitigating against dismissal." 379 F.2d at 542.

■. The petition for review does not attack the confirmation. The sole question presented is whether there is error in the Referee's Order denying reclamation where the debtor defaulted in carrying out the terms of the plan. This is not simply a case where the Referee has confirmed a wage earner's plan over the objection of a secured creditor. As petitioner fully recognizes:

"There are an abundance of cases which hold that a secured creditor can be forced to participate in a wage earner plan if the plan provides for the secured creditor to receive his full contract price or does not restrict his right to proceed against his security interest in the event the contract terms are not met. These cases include J. C. Terry v. Colonial Employees Credit Union of Atlanta, 411 F.2d 553 (5th Cir. 1969); Cheetham v. Universal C. I. T., 390 F.2d 234 (1st Cir. 1968); and In re Clevenger, 282 F.2d 756 (7th Cir. 1960)."

Were this simply a case where the Referee had confirmed a wage earner's plan over petitioner's objection this court would be hard pressed to find that the Referee's actions were clearly erroneous. However, in this case the wage earner's plan has been tried and it has failed. The plan called for petitioner to be paid

at the contract price and the debtor has been unable to do this.[4]

In Hallenbeck v. Penn Mutual Life Insurance Co., 323 F.2d 566 (4th Cir. 1963), the court laid down three conditions which should be present before a Referee exercises his injunctive powers:

"(1) The injunction or stay must be necessary to preserve the debtor's estate or to carry out the Chapter XIII plan; (2) the granting of the injunction must not directly or indirectly impair the security of the lien; and (3) the owner of the secured indebtedness must not be required to accept less than the full periodic payments specified in his contract." 323 F.2d at 572.

While the plan as originally drawn up satisfied these requirements, the facts as they now exist show that petitioner's security has been impaired and that petitioner by the order under review has been forced to accept less than the contract price. Comparing the position of the creditor as it existed at the time of the confirmation of debtor's plan with its position at the time the petition for reclamation was filed, shows that Ford Motor Credit Company has been adversely affected by the plan.[5] The Referee's findings that the petitioner is just as well off today is clearly erroneous.

■ The primary function of a wage earner's plan is the submission of an acceptable portion of the debtor's future earnings to the consumation of the plan as supervised by the court. 11 U. S.C. § 1046(4). Such a plan must be "feasible". 11 U.S.C. § 1056(a)(2). The test is whether the things which the plan provides for can be accomplished as a practical matter. 9 Collier on Bankruptcy, ¶ 9.18 [1] at 286–87 (14th ed. 1971). One obvious factor is the debtor's earning power. Under the facts of the instant case the debtor does not appear to be working full time. The Referee has stated that "[the debtor's]

---

4. See note 3, supra.

5. During this period the security, an automobile, a depreciating asset, depreciated approximately $200.00 in value and petitioner received only $84.42.

wages on an average exceed the value that he has owed the [t]rustee . . . [and] Mr. Thompson is living up to his plan." This statement clearly ignores the fact that the debtor is behind more than eight payments to petitioner.

For the above stated reasons and in accordance with the above cited authority, the Referee erred in denying petitioner's motion to reclaim. This case is reversed and remanded with direction to allow the petitioner's motion to reclaim.