In re Herman **MORALEZ** and Josephine Pearl Moralez, Debtors.

Paúl DeBruce **WOLFF,** as Chapter XIII Trustee, Appellant,

v.

WELLS FARGO BANK, national association, Appellee.

No. C–75–0766 WHO.

United States District Court, N. D. California.

July 3, 1975.

Kornfeld & Koller, Lynn Anderson Koller, Oakland, Cal., for appellant.

David J. Brown, Brobeck, Phleger & Harrison, San Francisco, Cal., for appellee.

OPINION

ORRICK, District Judge.

This appeal from an order of the bankruptcy court presents the question whether Rule 13–307(d) of the Bankruptcy Rules (prescribed pursuant to 28 U.S.C. § 2075 and which became effective on October 1, 1973) modifies a substantive right in violation of 28 U.S.C. § 2075 [1] and is, therefore, of no legal effect. *Meek v. Centre County Banking*

---

1. 28 U.S.C. § 2075 reads as follows:

"The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure under the Bankruptcy Act.

Such rules shall not abridge, enlarge, or modify any substantive right.

Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until the expiration of ninety days after they have been thus reported.

All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

*Co.,* 268 U.S. 426, 45 S.Ct. 560, 69 L.Ed. 1028 (1925). I find that it does and for the reasons hereinafter set forth affirm the order of the bankruptcy court.

The facts of the case are simple. Herman and Josephine Moralez filed a petition for a Wage Earner Plan under the provisions of Chapter XIII of the Bankruptcy Act on August 13, 1974. Their plan required payments of $302.30 per month to the Chapter XIII trustee for disbursement to creditors. At the time of filing the debtors had an automobile which was financed by the Wells Fargo Bank (the "Bank"). The agreed balance due at the time of filing was $5,266.94. The car was valued under Rule 13–307(d) at $3,912.50, and the trustee informed the Bank he would honor the Bank's claim up to that amount and that the balance of the claim would be considered unsecured, to be paid pro rata with all other general creditors. The Bank moved for an order requiring the trustee to maintain full contract payments of $154 per month until the balance owed the Bank was paid. On March 6, 1975, the bankruptcy court found that Rule 13–307(d) constitutes a substantive change in the law thereby exceeding the rule-making power of the Supreme Court and granted the Bank's motion.

Rule 13–307(d) reads as follows:

"If a secured creditor files a claim, the value of the security interest held by him as collateral for his claim shall be determined by the court. The claim shall be allowed as a secured claim to the extent of the value so determined and as an unsecured claim to the extent it is enforceable for any excess of the claim over such value. For the purposes of this subdivision the court may appoint an appraiser in the manner specified by and subject to the limitations of Bankruptcy Rule 606."

Both parties agree that Rule 13–307(d) is properly construed to mean that a secured creditor holding an installment note whose security has a value as of the date of valuation less than the total amount due is not entitled to receive the full contract payments due and to become due under the note even though the debtor or his trustee retains the security. Such an interpretation flies in the face of the well-settled law that executory contracts, including secured installment notes with payments yet to become due, must be substantially performed once they have been accepted by the trustee. *Thompson v. Texas Mexican R. Co.,* 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132 (1946). It thus modifies a substantive right of the secured creditor, the bank.

The trustee, however, claims that Rule 13–307(d) is an adaptation of Section 57h (11 U.S.C. § 93(h) ), which prescribes certain valuation procedures,[2] and is, therefore, itself only procedural. He argues that Rule 13–307(d) does not modify the creditor's right to his security but only adopts a procedure for valuing the security. He finds support for this argument in the Advisory Notes which state that "subdivision (d) is an adaptation of section 57h of the [Bankruptcy] Act to take account of the fact that secured as well as unsecured claims are proved and allowed in Chapter XIII cases". He then points out that Section 302 of the Bankruptcy Act which has applied Section 57h to Chapter XI cases is very similar to Section 602 of Chapter XIII. Section 302 provides that "the provisions of chapters 1 to 7, inclusive [including Section 57], of this title

---

2. 11 U.S.C. § 93(h) reads as follows:
"The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors, or by such creditors and the trustee by agreement, arbitration, compromise or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance. Such determination shall be under the supervision and control of the court."

shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter [Chapter XI], apply in proceedings under this chapter * * * ".[3] He then argues that since the language of Section 602, Chapter XIII, is identical to Section 302, Chapter XI,[4] Section 57h can be applied to Chapter XIII cases and, accordingly, there is a relationship between the Rule and Section 57h. In view of this relationship, he concludes that Rule 13–307(d) has incorporated the procedural elements of Section 57h and is, therefore, procedural itself. Such a convoluted argument does not take him home.

Section 57h is both factually and conceptually distinct from Rule 13–307(d). Section 57h only applies where a secured claim is filed for the purpose of obtaining a "distributive share of the estate".[5] Since the Bank here is not attempting to obtain a distributive share, but is instead trying to collect on the secured installment contract, Section 57h is inapplicable.

Furthermore, Section 57h applies only where the secured creditor has the benefit of his collateral and the power to realize its value. In Chapter XIII bankruptcy cases, of course, the debtor retains his property.

Thus, I conclude that Section 57h is inapplicable to Chapter XIII bankruptcy proceedings and, therefore, Rule 13–307(d) does not incorporate the procedural elements of that section. I find that Rule 13–307(d) modifies the secured creditor's substantive right to full performance of a secured installment contract and is, accordingly, outside the rule-making power of the Supreme Court as granted to it under 28 U.S.C. § 2075. The decision of the bankruptcy court that Rule 13–307(d) is of no legal effect is affirmed and the case is remanded for further proceedings not inconsistent with this opinion.

3. The Courts in *United States v. National Furniture Co.*, 348 F.2d 390 (8th Cir. 1965) and *William H. Wise & Co. v. Rand McNally & Co.*, 195 F.Supp. 621 (S.D.N.Y.1961) applied Section 57h to Chapter XI cases.

4. Section 602 (11 U.S.C. § 1002) provides in part:

"The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter * * *."

Section 302 (11 U.S.C. § 702) provides in part:

"The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter, apply in proceedings under this chapter."

5. 3 *Collier on Bankruptcy*, ¶ 57.20(3) at 334 (14th ed. 1974).