In re George C. and Marcia
Hare WALL, Debtors.

FORD MOTOR CREDIT COM-
PANY, Appellant,

v.

George C. and Marcia Hare WALL and
A. L. Tenney, Trustee, Debtor
Estates, Appellees.

No. PB–74–14 and 15–B.

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Nov. 18, 1975.

Tom Forrest Lovett, Little Rock, Ark., for appellant, Ford Motor Credit Co.

George Howard, Jr., Pine Bluff, Ark., for debtors, appellees.

## MEMORANDUM OPINION AND ORDER

OREN HARRIS, District Judge.

This is a proceeding for review of an Order of the Bankruptcy Judge, pursuant to Rules 801 et seq., Bankruptcy Rules. Appellants contend that Rule 13–307(d), Bankruptcy Rules, promulgated pursuant to 28 U.S.C. § 2075, is invalid, in that the rule is "substantive", rather than "procedural", and therefore should not be followed. Appellants contend that the Order of the Bankruptcy Judge herein, admittedly required by the clear terms of Rule 13–307(d), is, accordingly, erroneous.

Debtors filed petitions under Chapter XIII of the Bankruptcy Act, proposing a plan to pay their debts. Their schedule of debts showed an obligation to Ford Motor Credit Company in the amount of $3,432.24, with contract payments of $122.58, which debtors proposed to pay in full.

Ford Motor Credit Company, on the basis of the proposal that the contract monthly payments were to be paid in full, approved the plan and submitted a secured claim for the principal amount of $3,602.10. On the face of the claim, the company acknowledged that the fair market value of the 1973 Mercury automobile which comprised the collateral security for the debt was $2,600.00.

Rule 13–307(d) provides:

"If a secured creditor files a claim, the value of the security interest held by him as collateral for his claim shall be determined by the court. The claim shall be allowed as a secured claim to the extent of the value so determined and as an unsecured claim to the extent it is enforceable for any excess of the claim over such value . . . ."

The Bankruptcy Judge made findings of fact and conclusions of law, finding that the amount of the debt at the time of the filing of the petition was $3,228.-08, and that the value of the collateral was $2,600.00; that the ratio of the value of the collateral to the debt, applied to the monthly contract payments, would reduce the monthly payments under the plan to $98.73; that such payments, together with payments on the unsecured part of the debt, would keep the payments on a basis which would not affect the creditor's recourse against the selling dealer; and concluded that the creditor would not be affected by the plan, even though it was to receive less than the contract monthly payments.

The Bankruptcy Judge then ordered the Trustee to make monthly payments in the sum of $98.73 on the secured debt of $2,600.00, allowed the balance as an unsecured debt, to be paid as quickly as funds are available in advance of other unsecured indebtedness, and provided that the entire claim, both secured and unsecured, shall bear interest at the contract rate until paid.

Counsel for the creditor, the debtors, and the Trustee have filed briefs, a hearing was held, and the cause submitted for determination by the Court. Decision was withheld for a period of time to permit the parties to furnish the Court copies of decisions by other District Courts on the validity of this new Bankruptcy Rule, in view of the fact that this appears to be a case of first impression within this Circuit.

Appellant creditor urges that Rule 13–307(d) abridges a substantive right, and would materially impair its contract with debtors. Appellant contends that a Chapter XIII plan cannot provide for less than full contract monthly payments to secured creditors, citing *In re Terry*, 294 F.Supp. 253 (S.D.Ga.1968); *Thompson v. Ford Motor Credit Company*, 475 F.2d 1217 (5th Cir. 1973); *Terry v. Colonial Stores Emp. Credit Union*, 411 F.2d 553 (5th Cir. 1969), and *In re Townsend*, 349 F.Supp. 990 (W.D.Mo.1972).

Appellees point out that such holdings have been far from universal. Judge Miller, in *In re Pizzolato*, 268 F.Supp. 353 (W.D.Ark.1967), held that, although "it seems to be settled law that a secured creditor who does not consent to the proposed plan of the debtor cannot be adversely 'dealt with' by the plan", the Court had authority under 11 U.S.C. § 1014 to enjoin or stay any proceeding by a secured creditor to enforce its lien, even though full contract payment was not provided for under the plan. While this case was criticized by a Fifth Circuit panel in *Terry v. Colonial Stores Emp. Credit Union*, supra, another panel cited the case with approval and reached the same result in *Thompson v. Ford Motor Credit Company*, supra.

The Court has carefully considered the opinion of Judge Westover, *In re Garcia*, 396 F.Supp. 518 (C.D.Cal.1974), and the opinion of Judge Orrick, *Wolff v. Wells Fargo Bank, Herman Moralez et ux., Debtors*, 400 F.Supp. 1352 (N.D. Cal.1975), in which these distinguished jurists reach opposite conclusions as to the validity of Rule 13–307(d).

Judge Orrick holds that the rule attempts to change substantive law and is,

therefore, invalid as being outside the rule-making power granted the Supreme Court under the enabling act, 28 U.S.C. § 2075. Judge Westover affirmed the findings and conclusions of the Bankruptcy Judge upholding the rule, and citing *Thompson v. Ford Motor Credit Company*, supra, *In re Pizzolato*, supra, and *In re Teegarden*, 330 F.Supp. 1113 (E.D.Ky.1971), as pre-rule authority for reaching the result codified by the rule. He also distinguishes *Hallenbeck v. Penn Mutual Life*, 323 F.2d 566 (6th Cir. 1963), upon which decision the cases denying the authority of the Court to require secured creditors to accept less than the full monthly contract amount under a plan while enjoining lien enforcement rely heavily. An excellent discussion and analysis of both lines of decision is contained in the article by Bankruptcy Judge Poulos in 44 Journal of the National Conference of Referees in Bankruptcy at page 68 (July, 1970).

In view of the split of authority, it appears that there is less than a "well settled" rule of substantive law which is contradicted by the rule. Few cases are found which even discuss the issue. These cases reach opposite and contradictory results, and the Supreme Court has had no occasion to settle the differing results between and within the Circuits.

The Bankruptcy Rules are relatively new, and no cases have reached the appellate courts as yet which would serve to guide this decision. But, the Federal Rules of Civil Procedure were promulgated under almost exactly similar legislation and procedures. There was an enabling act by the Congress, the rules were studied by committees, were adopted by Order of the Supreme Court of the United States, and were submitted to the Congress for review, and there subject to change or deletion. That enabling legislation also contained a prohibition against changes in substantive law, and several decisions with regard to the validity of certain of the Federal Rules of Civil Procedure appear to be apposite to a determination of the validity of the Bankruptcy Rule in question herein.

The rule of construction, as set out in *HFG Co. v. Pioneer Pub. Co.*, 162 F.2d 536 (7th Cir. 1947), is:

"Thus, the rules having been prescribed by the Supreme Court, as rules of procedure under the limitation imposed by Congress that the substantive rights of any litigant should not be altered, it would appear that one who asserts that this rule (or any rule) deals with matters of substantive law rather than procedure carries a heavy burden. Also, we are of the view that a strong presumption exists that the Supreme Court in prescribing the rules acted within the power delegated to it by Congress, and that the court and Congress, as well as others who labored in connection therewith, thought that the rule in question was one of procedure and that its adoption would not affect the substantive rights of any litigant. Furthermore, we think that the determination as to whether a mistake has been made in this respect can more appropriately be made by the Supreme Court, which is given the power to amend."

The Supreme Court of the United States, in *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941), stated:

"Congress has undoubted power to regulate the practice and procedure of federal courts, and may exercise that power by delegating to this or other federal courts authority to make rules not inconsistent with the statutes or constitution of the United States; but it has never essayed to declare the substantive state law, or to abolish or nullify a right recognized by the substantive law of the state where the cause of action arose, save where a right or duty is imposed in a field committed to Congress by the Constitution. On the contrary it has enacted that the state law shall be

the rule of decision in the federal courts.

．　　．　　．　　．　　．　　．

We are thrown back, then, to the arguments drawn from the language of the Act of June 19, 1934. Is the phrase 'substantive rights' confined to rights conferred by law to be protected and enforced in accordance with the adjective law of judicial procedure? * * * The petitioner says the phrase connotes more; that by its use Congress intended that in regulating procedure this court should not deal with important and substantial rights theretofore recognized. *Recognized where and by whom?* (emphasis added)

．　　．　　．　　．　　．　　．

Finally, it is urged that Rules 35 and 37 work a major change of policy and that this was not intended by Congress. Apart from the fact already stated, that the policy of the states in this respect has not been uniform, it is to be noted that the authorization of a comprehensive system of court rules was a departure in policy, and that the new policy envisaged in the enabling act of 1934 was that the whole field of court procedure be regulated. * * * Moreover, in accordance with the Act, the rules were submitted to the Congress so that that body might examine them and veto their going into effect if contrary to the policy of the legislature."

■ The Court must approach the challenge to the Bankruptcy Rule with the history of the rules in mind. The rules were adopted by the Supreme Court of the United States after long and careful study not only by the Court, but by panels of outstanding attorneys and citizens expert in the field. They were then submitted to the Congress for review, and only after such review did they become effective. There is a strong presumption that the Supreme Court did not abridge or modify any substantive right by the rules. There is also a strong presumption that, had the Court so overstepped the authority delegated by the Congress, such transgression would have been noted and the offending rule modified or deleted upon review.

■ As suggested by the *Sibbach* case, the Court has considered the pre-rule decisions, and has concluded that the line of decisions exemplified by *In re Pizzolato,* supra, would have been followed by this Court. That is to say, the same result required by the rule would have been reached, the secured creditor would have been enjoined from reclamation of the collateral, even when the plan provided for less than the full contract payments, provided that: (1) the creditor's security is not impaired, (2) the injunction is reasonably necessary to preserve the plan for the benefit of all creditors, and (3) general equitable considerations favor such injunction. Each of these factors was found by the Bankruptcy Judge to have been present in the case at bar.

While appellant will be delayed in receiving parts of the contract payments, the plan ordered by the Bankruptcy Judge appears to provide a method by which this creditor will receive full payment within the plan, without impairment of its recourse or security. Reclamation and sale of the automobile would leave the same, or even greater, unsecured debt. Appellant is not, therefore, "adversely dealt with" by the plan.

The Court concludes that Rule 13–307(d), Bankruptcy Rules, is valid, that the Bankruptcy Judge properly followed the rule in the Order appealed from, and that the Order of the Bankruptcy Judge herein should be affirmed.

It is, therefore, considered, ordered and adjudged that the Order of the Bankruptcy Judge herein dated January 10, 1975, be and the same is hereby affirmed and this cause is remanded to the Bankruptcy Court for further proceedings not inconsistent with this Opinion.