Janet Briggs, of Niehaus, Hanna, Murphy, Green, Osaka & Dunn, Portland, Or., for the Bank.

**In re Thomas Melvin LAKE, Debtor.**

**Bankruptcy No. 384–03333.**

United States Bankruptcy Court, D. Oregon.

Dec. 13, 1985.

Magar E. Magar, Portland, Or., for debtor.

Robert W. Myers, Portland, Or., trustee.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon Benjamin Franklin Savings & Loan's (hereinafter referred to as the "Bank") objection to confirmation of the debtor's chapter 13 plan herein.

The Bank objected to the debtor's plan because the plan proposed to modify the rights of the Bank. Since the debt owed to the Bank is secured only by a security interest in real property that was the debtor's principal residence at the time the loan was made, the Bank argues that modification of its rights is not permissable under

11 U.S.C. § 1322(b)(2) of the 1978 Bankruptcy Reform Act.

The debtor argues that, since the note and mortgage were executed in 1976, the law in effect at that time should control the rights of the parties. The debtor further argues that the law in effect in 1976 (hereinafter referred to as the "1898 Act"), allowed modification of the rights of creditors whose only security is a security interest in the debtor's principal residence.

The issue of the debtor's ability to modify the rights of secured claim holders under the 1898 Act was left unresolved in this circuit, as evidence by *In Re Moralez*, 618 F.2d 76 (9th Cir.1980) where the court stated at p. 79 in footnote number 2:

> The third element was somewhat unclear under prior case law. According to Wells Fargo, the third requirement was that the injunction could not be granted unless the creditor was guaranteed exact performance of the terms of the contract. A number of cases support this position. See *Terry v. Colonial Stores Employee's Credit Union of Atlanta*, 411 F.2d 553 (5th Cir.1969); *Hallenbeck v. Penn Mutual Life Insurance Co.*, 323 F.2d 566 (4th Cir.1963); *In re Rutledge*, 277 F.Supp. 933 (E.D.Ark.1967); *In re Pappas*, 216 F.Supp. 819 (S.D.Ohio 1962); *In re Copes*, 206 F.Supp. 329 (D.Kan. 1962); see also *Thompson v. Ford Motor Credit Co.*, 475 F.2d 1217 (5th Cir.1973). Other cases, however, formulated the third requirement in a significantly different way. They held that the bankruptcy court could enjoin creditors from reclaiming their security even though the wage earner plan modified their contractual rights. As long as the wage earner plan required payment of the contract on reasonable terms that would not impair the security, courts could enjoin reclamation of the security without demanding that the debtor comply with the specific terms of the contract. See *In re Teegarden*, 330 F.Supp. 1113 (E.D.Ky.1971); *In re Pizzolato II*, 281 F.Supp. 109 (W.D. Ark.1967); *In re Pizzolato I*, 268 F.Supp. 353 (W.D.Ark.1967); *In re Wilder*, 225

F.Supp. 67 (M.D.Ga.1963); *Poulos, The Secured Creditor in Wage Earner Proceedings Dream versus Reality*, 44 J. of the Nat'l Conf. of Ref. in Bankr. 68 (1970). *This court apparently never resolved this issue.* (Emphasis added.)

■ This court feels that the line of cases cited by the court in *Moralez*, which cases allowed modification of secured claims, is the better reasoned. The last clause of Section 1322(b)(2) of the Bankruptcy Reform Act of 1978 is a very narrow exception to the general rule that modification of secured claims is allowed. See 11 U.S.C. § 1322(b)(2). The Bankruptcy Act of 1898 contained no similar provision. This is some evidence that the last clause of § 1322(b)(2) was intended to change the prior law in the relatively limited number of instances where the creditor holds a claim secured solely by a lien against the debtor's private residence. Further, allowing modification of secured claims is consistent with the general purpose of bankruptcy, which is to allow debtors an opportunity to reorganize and obtain a fresh start, as long as this can be done without "materially and adversely affecting" creditors who had perfected security interests in the debtor's property.

Since this court has determined that modification of this creditor's claim would be permissable under the law in effect at the time the mortgage was entered into, the court must also decide which law to apply.

■ To the extent it is not modified by the agreement of the parties, the law in effect at the time an agreement is entered, is incorporated into the agreement and becomes a part of the bargained-for-exchange between the parties. Accordingly, this court holds that the law to be applied is the law that was in effect at the time the mortgage was entered into. Thus, the debtor may modify this agreement.

It may be necessary, however, to hold another hearing to determine whether the debtor's proposed modification "materially and adversely affects" this creditor as defined in *Pizzolato* and other previously cited cases.

Accordingly, unless the creditor requests a hearing within 15 days of the date hereof, the court will enter an order approving the debtor's proposed plan.

This opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.